### Job Monaghan *vs.* Globe Newspaper Company.

Norfolk.    November 17, 1905. — February 28, 1906.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Sheldon, JJ.

*Libel.*

In an action for libel, proof that a complaint was entered against the plaintiff charging him with larceny of less than $100 from a certain town, and that a warrant was issued on that complaint, does not prove the truth in substance of a statement published in the defendant's newspaper that the plaintiff had been arrested, that he was accused of taking town money for work he did not do, and that he was placed in custody on a certain evening and soon bailed, that according to the allegations of the complaint the plaintiff received pay for work he did not perform and charged the town and was paid for the use of a team on a certain day when the team was not used by the town, that it is understood that the amount involved is less than $100, and that whether any attempt to name any other date will be made on the part of the government is not stated.

The following statement of the case is taken from the opinion of the court:

This is an action for publishing the following alleged libel of and concerning the plaintiff:

"Larceny Charge.

"Job Monaghan Arrested at Wellesley : Accused of Taking Town Money for Work He Did not Do: Formerly Assistant Engineer of Fire Department.

"Wellesley, June 30. — Much sensation has been caused by the arrest of Job Monaghan, a well-known resident and former town official, charged with larceny of the town's money. Monaghan was placed in custody about 8.30 this evening, and was soon bailed.

"According to the allegations of the complainant, Chief of Police Kingsbury, Monaghan received pay for work he did not perform.

"The charges are that Monaghan, during the five or six years he served as an assistant engineer of the town, kept a pair of horses in readiness to attach to hose 3 and to drive that piece of apparatus in response to a fire alarm. If he did not answer on the first alarm, and there was no second, he received remuneration, but not as great as though hose 3 had answered the first call.

"It is alleged that Monaghan charged the town for a hitch of the latter character on March 23 that he did not make, but for which he was paid. The amount involved, it is understood, is less than $100. Whether any attempt to name any other date will be made on the part of the government is not stated.

"Monaghan is a stone mason and resides on Walnut St., near Lower Falls. He is about 45 years old, married, and has always lived in Wellesley. He has been prominent in town affairs and his arrest has aroused expressions of surprise on the part of his friends.

"During Monaghan's service as assistant engineer, which duties he relinquished this year as he failed of re-appointment by the selectmen, his salary was $75.

"The case will come up for trial in the District Court at Dedham on Wednesday."

The answer required proof that the libel was published of and concerning the plaintiff; it then alleges "that the same was made in good faith, without malice, expressed or implied, toward the plaintiff or any one, from reliable information, fully verified, the

same being published as news matter by it, believing the same to be true." It further alleges the truth of the statements, that it was a fair report of a judicial proceeding, and that within the time required for an answer it offered to publish the following as a retraction :

"Was not Arrested :

"Globe's Report of Suit Against Mr. Monaghan Inaccurate.

"As there appeared in a publication of the Globe Newspaper of July 1, 1902, in an article relative to the charge against Job Monaghan of Wellesley, for larceny and taking money that he did not work for, from the town, the statements that said Monaghan was arrested at Wellesley, that he was placed in custody about 8.30 in the evening and was soon bailed, were not true, the said Monaghan not being arrested but being cited or summoned to appear and answer to the charge of larceny for trial, as the article otherwise states.

"Although nearly a year and a half after the publication, on being informed of the incorrectness of this statement, the Globe immediately offered to publish a retraction or correction of anything that was wrong, but the offer not being accepted by the said Monaghan or his attorney, the Globe now publishes this retraction or correction of the circumstances in connection with Monaghan's trouble," and that this offer was not accepted.

At the trial the defendant rested on the plaintiff's evidence. The plaintiff testified in his own behalf, and read the answers of the defendant to interrogatories filed by the plaintiff giving the circulation of the defendant's paper and stating that the libel was written by one Bentley, "who received his information from the police station or police officials at Wellesley as a news item." It was agreed that the retraction set forth in the answer was duly offered and declined.  On cross-examination of the plaintiff the defendant put in the complaint and warrant hereinafter more fully stated.

The plaintiff testified that he was a brick mason and plasterer; that he was connected with the fire department of Wellesley for six years; that he saw the publication complained of; that a great many of his friends spoke to him of it; that it troubled him, and that his business declined in the year following.  On cross-examination he testified that he kept a pair of horses in

readiness as stated in the publication, and that he received more remuneration if his horses were used on the first alarm; that he attended court on a summons without being arrested. The complaint and warrant put in evidence were dated June 28, 1902. The complaint alleged that the plaintiff " did steal money of the value of less than one hundred dollars of the property of the town of Wellesley." The return of arrest on the warrant is dated July 2, 1902. By it the officer states: " I have arrested the within-named defendant, Job Monaghan, and have him before the District Court." The plaintiff testified that July 2 was the date of the hearing which he attended on the summons testified to by him, and that he was summoned in the evening of July 1, that is to say, in the evening of the day on the morning of which the libel was published, and the day after the date of the libellous statement. The plaintiff also testified that the case was appealed from the District Court to the Superior Court, and was disposed of in the latter court a short time before the date of the writ in this action.

The defendant asked for the following rulings:

(1) Upon all the evidence the plaintiff cannot recover.

(2) If the jury believe that the defendant published the statements alleged as a news item, without malice, and that the same are substantially true, their verdict must be for the defendant.

(3) If the jury believe the defendant published the alleged libel without malice, as news matter, and that the same is a fair and impartial report of the facts, they are to regard the same as privileged, and will find a verdict for the defendant.

(4) If the jury find that the offer pleaded by the defendant in its answer was a sufficient offer to retract all that part of the original libel not proved by the defendant to be true, then they shall find a verdict for the defendant, as no actual damage has been pleaded or proved.

(5) If the jury shall find that the offer pleaded by the defendant was not a sufficient offer of retraction, then the same shall not be taken to be an admisssion against the defendant of the truth of the plaintiff's allegation.

(6) Upon the facts in this case the plaintiff was placed under arrest by the officer June 30, 1902.

The judge instructed the jury in substance that if the defendant proved the truth of the statements published by it it would be a defence unless the plaintiff proved actual malice, and that in the case at bar there was no evidence of that; also that the proprietor of a newspaper is permitted to publish the fact that a complaint and warrant had been issued and to publish " the facts which actually transpired under those proceedings, but when the paper goes beyond the publication of just those facts, when it undertakes to publish things which do not appear in these papers and in these proceedings, then the fact of the complaint and warrant would not justify the paper for those things which are outside of the complaint and of the warrant.   Now, the complaint against this plaintiff is that he did steal money of the value of less than $100, of the property of the town of Wellesley.   The complaint is not in terms as stated in the article.   That Monaghan charged the town for a hitch of the latter character on March 23d which he did not make, but for which he was paid.   The article does not give that which actually appeared in the complaint, and of course you will see that the complaint might be supported by — it is a possibility it might be supported by very many other things than this particular charge that is made in the article alleged to have been libellous.   The warrant issued upon that simply recited the fact that it was on complaint this day made on oath before said court for larceny."   The judge left it to the jury to say whether the evidence proved the truth of the allegations contained in the article.   The fifth ruling asked for was given with this qualification, " that the proof of the offer of retraction has no effect in the case excepting as it may be shown in mitigation of damages. It has no other bearing on the case."

The jury returned a verdict for the plaintiff in the sum of $500.

The defendant took exceptions to the refusal to rule and to the rulings given.

*C. T. Gallagher,* (*T. E. Grover* with him,) for the defendant.

*W. R. Bigelow,* for the plaintiff.

LORING, J.   [After the foregoing statement of the case.] The rulings were sufficiently favorable to the defendant.

1. The case made out in evidence was not one which called for a ruling that it was enough to prove that the things written

were in substance true, as laid down in *Conner* v. *Standard Publishing Co.* 183 Mass. 474.

2. The defendant was not entitled to a ruling that the libellous statements were as matter of law proved to have been substantially true. All that was proved to be true was that a complaint had been lodged against the plaintiff, charging him with larceny of less than $100 from the town of Wellesley, and that a warrant had issued on that complaint. The defendant did not prove the truth of the statements (1) that the plaintiff had been arrested; (2) that he was accused of taking town money for work he did not do; (3) that he was placed in custody about 8.30 this evening [i. e. on the evening of June 28] and was soon bailed; (4) that according to the allegations of the complainant (Chief of Police Kingsbury) Monaghan received pay for work he did not perform; (5) that "It is alleged that Monaghan charged the town for a hitch of the latter character on March 23 that he did not make, but for which he was paid. The amount involved, it is understood, is less than $100. Whether any attempt to name any other date will be made on the part of the government is not stated."

3. The statement offered as a retraction was as matter of law not a retraction of what we have already pointed out to have been libellous statements not proved to be true. It is not necessary to consider what would have been the consequences if the statement which the defendant offered to publish had been a retraction.

*Exceptions overruled.*