ADOLPH S. LUNDIN *vs.* POST PUBLISHING COMPANY.

Suffolk.   January 21, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Libel and Slander. Practice, Civil,* Memorandum of decision, Curing error, Judge's charge.

A statement published in a newspaper, that an allegation has been made that an assault was committed by a certain person, is none the less libellous because it contains no direct averment of the charge, publishers of newspapers having no greater right than other persons to give currency to false charges.

The rule, that a fair and correct report of judicial proceedings published in good faith and without malice is privileged, does not apply to the publication in a newspaper of the allegations contained in the declaration in an action of tort for an alleged assault and battery, where the declaration and writ had been presented upon a petition for a late entry which had been allowed by the court under R. L. c. 173, § 11, such permission to make a late entry of the action not being a judicial proceeding upon the allegations of the declaration, and the publication of the declaration being therefore a mere repetition of charges stated to have been made by a third person.

An order of a trial judge, overruling a demurrer to a declaration for libel that sets forth a publication libellous on its face, is not affected by a memorandum of decision made by the judge stating that the question whether the words are libellous is to be left to the jury; the memorandum being no part of the order.

In an action of tort, in which the jury had returned a verdict for the plaintiff that was not so great in amount as to excite a suspicion that the damages had been enhanced unduly, a possible error in the admission of certain evidence tending to increase the damages was held to have been cured by an instruction given by the presiding judge in his charge to the jury striking out the evidence in question and plainly directing the jury to ignore it.

TORT for an alleged libel published on July 24, 1912, in a newspaper issued by the defendant. Writ dated July 31, 1912.

The alleged libel as set out in the declaration was as follows:

"Sues for $20,000 for an Alleged Assault. Adolph S. Lundin of this city is the defendant in a suit for $20,000, filed in the office of the clerk of the Superior Court by Helen Lind, also of Boston. The plaintiff alleges that on May 8, Lundin committed an assault upon her which resulted in wrenching her side, straining her back and causing other injuries which prevented her for a long time from attending to her usual duties."

The first count of the declaration was for general damages. The second count, in addition to general damages, alleged special damage from loss of patrons and of credit in the plaintiff's business.

The defendant demurred to the declaration on the grounds that it did not set forth a cause of action and that the words were not libellous, and also on other grounds applying only to the second count and relating to the claims of special damage.

The case was argued on the demurrer before *Morton,* J., who made a memorandum of decision, in which he made the following statement as to the general grounds of demurrer: "I cannot rule as a matter of law that the words are not libellous, but leave that question to the jury." As to the other grounds relating to special damage the judge sustained the demurrer but gave the plaintiff leave to amend. The declaration was amended accordingly, and a demurrer to the amended declaration was overruled. The defendant then answered, setting up the matters of defense mentioned in the opinion.

The case was tried before *Lawton,* J. The material evidence is stated in the opinion. The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions to the rulings of the judge and his refusal of rulings requested, raising the questions that are disposed of in the opinion. The portion of the judge's charge in regard to the testimony of Dr. Trays, which is mentioned in the opinion, was as follows: "In the first place, I will consider the question of injury to his [the plaintiff's] health, and I have to say to you that he is not entitled to recover anything for any injury to his health which you may think, in view of the evidence here, he has suffered. Certain evidence was introduced from the doctor about that, as to his condition of health, and evidence was introduced as to the doctor's bill. I instruct you that all that evidence should be stricken from the record, is to be stricken from the record and should be excluded

entirely from your consideration, has no bearing in the case whatsoever."

*J. T. Pugh,* for the defendant.

*S. C. Brackett, (C. J. McNulty* with him,) for the plaintiff.

SHELDON, J. The defendant published in its newspaper a statement that it was alleged that the plaintiff had committed an assault upon a woman named, which had resulted in stated personal injuries to her. For this publication the plaintiff had a right of action, unless it was privileged, or unless it was true, or unless for some other reason it was not libellous. The mere fact that the charge against the plaintiff was not made by direct averment but only by saying that such an allegation had been made was not material; for the statement of unfounded charges is none the less actionable that it is made only by way of repeating them as having been made by others. *Kimball* v. *Post Publishing Co.* 199 Mass. 248, 251, *et seq. Metcalf* v. *Times Publishing Co.* 20 R. I. 674, 678. *Park* v. *Detroit Free Press Co.* 72 Mich. 560. *Popham* v. *Pickburn,* 7 H. & N. 891. *Davison* v. *Duncan,* 7 El. & Bl. 229. *Purcell* v. *Sowler,* 1 C. P. D. 781, and 2 C. P.D. 215. Nor have the publishers of newspapers any greater right to give in this way currency to false charges than other persons. They have no peculiar rights or privileges. *Sheckell* v. *Jackson,* 10 Cush. 25, 26. *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, 243.

The defendant contends that this was a fair report of the fact that an action for damages had been brought against the plaintiff by the woman named, and that in her declaration she had made charges against him which were fairly and correctly stated in the article complained of; that her writ and declaration had been made the subject of judicial proceedings in open court; and therefore that the article was privileged as a fair and correct report of judicial proceedings published in good faith and without malice. This is the main, though not the only contention now relied on by the defendant.

It is not open to dispute that a fair report in a newspaper of pending judicial proceedings is proper, and that this privilege extends to all matters which have been made the subject of judicial proceedings, though such proceedings may be merely preliminary or interlocutory, or even *ex parte.* For example, it

will render privileged a fair report of the charges made in a bill in equity which has been presented to the court and upon which the court has acted by making an order that the defendants shall appear and show cause why an injunction shall not be issued against them. *Kimball* v. *Post Publishing Co.* 199 Mass. 248. *Kimber* v. *Press Association,* [1893] 1 Q. B. 65, 71. So it will extend to fair and accurate reports of hearings had upon applications for the issuance of warrants or other criminal process, or upon hearings had after such process has been issued, though they be not final trials upon the merits. *Conner* v. *Standard Publishing Co.* 183 Mass. 474. *Perkins* v. *Mitchell,* 31 Barb. 461, 471, 472. *Lewis* v. *Levy,* El., Bl. & El. 537. *Usill* v. *Hales,* 3 C. P. D. 319. See also to the same general effect *Parker* v. *Republican Co.* 181 Mass. 392; *Ackerman* v. *Jones,* 37 N. Y. Sup. Ct. 42; *Meriwether* v. *Knapp,* 211 Mo. 199, 215; *A. H. Belo & Co.* v. *Lacy,* 111 S. W. Rep. (Texas) 215, 218; *Curry* v. *Walter,* 1 B. & P. 525, cited and followed in *King* v. *Wright,* 8 T. R. 293, 298; *Ryalls* v. *Leader,* L. R. 1 Ex. 296; *Hope* v. *C. W. Leng & Co.* 23 T. L. R. 243.

But this principle is limited to matters which really have been made the subject of judicial action. It does not give the right to publish statements made in declarations or other papers filed in court on the ground merely that they have been placed on the files of the court, or until they have been brought to the attention of the court and some judicial action has been taken upon them. *Cowley* v. *Pulsifer,* 137 Mass. 392. As was said by Mr. Justice Holmes in that case, the reasons for allowing fair reports of the proceedings of courts of justice "have no application whatever to the contents of a preliminary written statement of a claim or charge. These do not constitute a proceeding in open court. Knowledge of them throws no light upon the administration of justice. Both form and contents depend wholly on the will of a private individual, who may not be even an officer of the court. It would be carrying privilege farther than we feel prepared to carry it, to say that, by the easy means of entitling and filing it in a cause, a sufficient foundation may be laid for scattering any libel broadcast with impunity." In that case, to be sure, the paper had been neither presented to the court nor entered upon the docket. But the fundamental ground of the decision was that

it had not been made the foundation of any judicial action. The rule again was well stated in *Barber* v. *St. Louis Despatch Co.* 3 Mo. App. 377, in language which, though used by a court of inferior jurisdiction, often has been quoted with approval by courts of last resort. So too the Supreme Court of Rhode Island has said, in *Metcalf* v. *Times Publishing Co.* 20 R. I. 674, 678, that the rule of privilege "gives no license to publish libellous matter simply because it is found in the files of a court. As publishers of news and items of public importance, the press should have the freest scope; but as a scandal-monger it should be held to the most rigid limitation. If a man has not the right to go around to tell of charges made by one against another, much less should a newspaper have the right to spread it broadcast and in an enduring form. It is necessary to the ends of justice that a party should be allowed to make his charges against another, for adjudication, even though they may be of a libellous character, and as such they are privileged. . . . But the right of a party to make charges gives no right to others to spread them." See also *Park* v. *Detroit Free Press Co.* 72 Mich. 560, and *American Publishing Co.* v. *Gamble,* 115 Tenn. 663. The general doctrine of privilege has been limited similarly in analogous cases. *Monaghan* v. *Globe Newspaper Co.* 190 Mass. 394. *Sweet* v. *Post Publishing Co.* 215 Mass. 450. *Smith* v. *Streatfeild,* [1913] 3 K. B. 764.

The averments of the declaration mentioned in the defendant's article had not been made the subject of any judicial action within the rule which we have stated. The woman named in that article had brought an action against this plaintiff, but had failed to enter it in court upon the return day thereof. She then presented to the court a petition that she be allowed to make a late entry of her writ and declaration. Her petition was allowed by the court upon consent of the respondent thereto. But this was merely a permission given to that plaintiff to make a late entry of her action, under R. L. c. 173, § 11. It involved no examination of the averments of her declaration in that action, no passing upon their sufficiency, no consideration of the question whether she was entitled to any special relief pending the action, or of the question whether any special process should be issued against the defendant therein under the provisions of R. L. c. 167, § 80, or otherwise. There was no question as to the making of any

order resting upon the character of her action or of the charges made in her declaration. Indeed, there was and is nothing to indicate that her declaration was presented to any judge for action of any kind, and the defendant made no pretense at the trial that this was the case. It cannot be said that there was any judicial action whatever upon that declaration. For this reason the case stands now as showing the bare repetition by the defendant of charges made, or stated to have been made, by a third person in her action against this plaintiff. As we have seen, because the defendant had no privilege to report these charges, it took the risk, when it chose to repeat them, of being held liable for any damage thus caused to this plaintiff. The privilege which that woman enjoyed of stating her charges against this plaintiff for the purpose of having them adjudicated did not extend to this defendant or afford it any defense for the publication of libellous matter.

We need not advert to the fact that although the defendant has attempted to set up this defense, there was in its article no reference to any judicial proceedings, not even to the permission to make a late entry which it has relied on. It published barely the charges made in the declaration against this plaintiff, and it did nothing more. It would be hard to maintain that its article could be said in any sense to have been a fair report of a judicial proceeding (if there had been such) of which it made no mention. But we prefer to rest our decision upon the broader ground which has been stated.

It follows that the defense of privilege fails; and we need not consider whether that defense, if it had been available, would have been destroyed by the inaccuracy of the defendant's statement that the charge in the woman's declaration was made against this plaintiff, when in fact it was another person who was named in the declaration, though not in the writ.

The article in question charged the plaintiff with a criminal offense. It was libellous on its face, and the judge correctly so ruled. Such a ruling, as appears by the original papers on file, was made in *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, and its correctness was assumed by this court without discussion. It is only when the language of an alleged libel is open to different constructions, or when the conduct charged may have been inno-

cent or justifiable, that this question is left to the jury. *Dunnell* v. *Fiske,* 11 Met. 551, 553. *Twombly* v. *Monroe,* 136 Mass. 464, 468. *Robinson* v. *Coulter,* 215 Mass. 566.

It has been suggested rather than argued that, because the judge who overruled the demurrer to the amended declaration said in his memorandum that the question of libel was for the jury, that question should have been left to the jury. Plainly this is not so. The decision overruled the demurrer; the reasons which influenced the judge in making that decision were not a part of the decision itself and were not afterwards decisive. This needs no discussion or citation of authority. The appeal from that decision has not been argued.

The testimony of Doctor Trays as to the plaintiff's sickness was stricken out and the jury were directed to ignore it. This cured any possible error in the admission of that evidence, even though it was done only in the judge's charge to the jury. That was the time when such a direction would be likely to impress them forcibly, especially as that testimony bore only upon the question of damages. The amount of the verdict is not so great as to excite a suspicion that the defendant may have been aggrieved in this respect.

The case was submitted to the jury with apt and sufficient instructions, and we find no prejudicial error in the proceedings.

*Exceptions overruled.*