Edward Maloof *vs.* Post Publishing Company
(and seven companion cases [1]).

Suffolk.    November 7, 1939. — June 24, 1940.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Libel.   Extortion.   Evidence,* Declaration of deceased person.

At the trial together of actions by four plaintiffs against the proprietor of a newspaper which published a statement that they were members of a gang of extortionists who sought money from one whom they threatened to kill, where it appeared that the plaintiffs and a fifth man had been arrested on a charge of extortion, a finding of truth of the published statement was not warranted by evidence merely that the fifth man at his request had been driven with them to the scene of an attempt at extortion by him alone, if there was no evidence that any of the plaintiffs associated with the fifth man or joined him in his attempt or even knew of it.

At the trial of an action of libel against the proprietor of a newspaper, testimony of a narrative to a witness by a police captain, deceased at the time of trial, of statements made to him by a living third person relative to the plaintiff, were improperly admitted under G. L. (Ter. Ed.) c. 233, § 65, to prove the truth of the subject matter of the statements, those facts not having been within the personal knowledge of the captain.

Eight actions of tort.   Writs in the Superior Court dated December 27 and 28, 1932.

The actions were tried together before *Greenhalge,* J.

*G. I. Kellaher, (E. P. Keleher* with him,) for the plaintiffs.

*E. A. Whitman, (G. May* with him,) for the defendants.

Lummus, J.   These are eight actions by four young men, Maloof, Hadge, Aborjaily and Daher, each of whom brought an action for libel against each of two newspaper corporations publishing respectively the Boston Post and the Boston Daily Record.   The alleged libels concerned the four plaintiffs and one James Abdella.   The substance of the libels

---

[1] The seven companion cases are entitled: Edward Maloof *vs.* Northeastern Publishing Company;   William Hadge *vs.* Post Publishing Company;   Same *vs.* Northeastern Publishing Company;   Fred Aborjaily *vs.* Post Publishing Company;   Same *vs.* Northeastern Publishing Company;   Gabriel Daher *vs.* Post Publishing Company;   Same *vs.* Northeastern Publishing Company.

was that the five men were members of a gang of extortionists, and told one Zanditton, a garage proprietor, that they had been hired to kill him but would spare him if he would pay $25, which he paid them. On a later date, the newspapers asserted, they demanded $50 more from him, but before he paid it the police were notified and arrested the five men near Zanditton's garage. At the trial, the jury returned a verdict for the defendant in each of the eight cases. The exceptions of the several plaintiffs bring the cases here.

The libels complained of charged the several plaintiffs with the crime of extortion. G. L. (Ter. Ed.) c. 265, § 25. It is not denied that they were defamatory as matter of law. See *Lundin* v. *Post Publishing Co.* 217 Mass. 213, 218; *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 33; *Warner* v. *Fuller*, 245 Mass. 520, 523. The only defence was the truth of the charge. G. L. (Ter. Ed.) c. 231, § 92. *Warner* v. *Fuller*, 245 Mass. 520, 523. *Comerford* v. *Meier*, 302 Mass. 398, 402. The burden of proof was on the defendants to maintain that defence by showing the substantial truth of the charge in all material respects. *Perry* v. *Porter*, 124 Mass. 338. *Conner* v. *Standard Publishing Co.* 183 Mass. 474, 478. *Lynch* v. *Lyons*, 303 Mass. 116, 121. It was not sufficient for the defendants to show that the plaintiffs were arrested on the charge of extortion, as in *Thompson* v. *Globe Newspaper Co.* 279 Mass. 176, 188, for in the present cases the charge was that the plaintiffs actually were guilty of extortion. The fact that the charge was qualified by the words "it is alleged" or their equivalent, does not absolve the defendants from responsibility for publishing it. An accusation purporting to rest on hearsay is none the less defamatory. *Lundin* v. *Post Publishing Co.* 217 Mass. 213, 215. *Hurley* v. *Fall River Daily Herald Publishing Co.* 138 Mass. 334, 336. *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 513. *Kenney* v. *McLaughlin*, 5 Gray, 3. *Cowley* v. *Pulsifer*, 137 Mass. 392. *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 456. *Mahoney* v. *Belford*, 132 Mass. 393, 394.

The four plaintiffs conceded that on the morning of August 18, 1932, they were riding in an automobile driven by Abor-

jaily and owned by his father, and that Abdella rode with them to Zanditton's garage. There was evidence that Abdella asked Aborjaily to drive him to the garage where, Abdella said, his own automobile was being repaired. Abdella got in, rode with them, and got out at Zanditton's garage. The plaintiffs, waiting for him, remained in the automobile near by, watching, as they said, the tennis games in Franklin Field. While there, police officers approached with drawn revolvers and arrested all four plaintiffs, as well as Abdella, who had come from the garage to the automobile. No weapons were found on any of the men. There was no evidence that any of the plaintiffs ever entered the garage, or spoke to Zanditton, or drove to the garage except on the occasion described. There was evidence that Abdella had visited the garage on two earlier occasions for the purpose of threatening Zanditton and extorting money from him. There was evidence of the bad character and reputation of Abdella, but no evidence that the plaintiffs associated with him, or knew his character or reputation as one suspected of serious crime.

There was no evidence that the plaintiffs were in any conspiracy with Abdella, or knew anything about his attempt at extortion. The judge was in error in refusing to instruct the jury, as requested by the plaintiffs, that the evidence did not warrant a finding that the charge was true. *Bascombe* v. *Inferrera*, 271 Mass. 296, 300, 301. Compare on the facts as to the application of Rule 71 of the Superior Court (1932), *Bray* v. *Hickman*, 263 Mass. 409, 417; *Bessey* v. *Salemme*, 302 Mass. 188, 191. If it be thought that testimony to general statements made by the deceased police captain Driscoll, apparently upon a misconception of Zanditton's story,[1] furnished any evidence against the plaintiffs, the answer is that those statements were evidently not made "upon the personal knowledge of the declarant" (G. L. [Ter. Ed.] c. 233, § 65), and the exception of the plaintiffs to the admission of those statements should be sustained.

*Exceptions sustained.*

---

[1] Zanditton testified at the trial. — REPORTER.