WALLACE SANFORD *vs.* BOSTON HERALD-TRAVELER CORPORATION.

Essex.    April 5, 1944. — May 2, 1945.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Libel and Slander.    Public Record.    Practice, Civil*, Charge to jury.

Section 10 of G. L. (Ter. Ed.) c. 66, making public records open to public inspection, has no application to papers on file in courts.

The right to report proceedings in the courts does not extend to reporting defamatory accusations contained in papers filed by a party but not yet brought before a judge or magistrate for official action.

The fact that the publisher of a newspaper, in publishing defamatory charges made in the declaration in an action at law, stated that the charges were made by another, did not free the publisher from liability to the person defamed by the publication.

In an action of tort for libel against the publisher of a newspaper, the defendant was not entitled as a matter of right to have the judge comment to the jury on the fact that defamatory charges published by the defendant had been made by another.

A publication in a newspaper under the heading, "No evidence; suit for alienation fails," ten months after a former publication of allegations of a defamatory character made in the declaration in that suit, was not a retraction under G. L. (Ter. Ed.) c. 231, § 93, as appearing in St. 1943, c. 360.

TORT FOR LIBEL. Writ in the Superior Court dated April 7, 1942.

The action was tried before *Spalding, J.*

*S. C. Rand & B. Aldrich,* for the defendant.

*F. P. Garland,* for the plaintiff.

LUMMUS, J. The defendant on April 11, 1941, published as an item of news in its newspaper the unquestionable fact that one Emerson had sued the plaintiff for the alleged "alienation" of Emerson's wife, charging in his declaration that the plaintiff had had "clandestine meetings and appointments" with her and had "induced her to leave home." It appeared that later, in February, 1942, when the case of Emerson against the present plaintiff was reached for trial, Emerson offered no evidence and a verdict in favor of the present plaintiff was returned by order of the court. On February 21, 1942, the defendant published an account of that action under the heading "'No evidence'; Suit for alienation fails." The plaintiff in the present action for libel obtained a verdict against the defendant for $2,000, and the case is here on the defendant's exceptions.

The first question argued concerns the defence of privilege. The defendant contends that the writ and declaration in the "alienation" case were public records, and that it had the right to publish their contents as soon as they were filed, without waiting for any judicial action.

Doubtless the writ and declaration fell within the definition of "public records" in G. L. (Ter. Ed.) c. 4, § 7, Twenty-sixth. But that definition exists merely for the purpose of construing the words "public records" when used in a statute. *Allen* v. *Kidd,* 197 Mass. 256, 259. A public record or public document is not admissible in evidence merely because it is such. *Allen* v. *Kidd, supra. Commonwealth* v. *Slavski,* 245 Mass. 405, 415–417. And the statute (G. L. [Ter. Ed.] c. 66, § 10) making public records open to public inspection (*Direct-Mail Service, Inc.* v. *Registrar of Motor Vehicles,* 296 Mass. 353; *Hurley* v. *Board of Public Welfare of Lynn,* 310 Mass. 285; *Hobart* v. *Commissioner of Corporations & Taxation,* 311 Mass. 341; compare *Hardman* v. *Collector of Taxes of North Adams,*

317 Mass. 439) has no application to the files of courts. *Cowley* v. *Pulsifer*, 137 Mass. 392, 396. It is within the discretion of a court to impound its files in a case and to deny public inspection of them, and that is often done when justice so requires. *Parker* v. *Republican Co.* 181 Mass. 392, 396. *Schmedding* v. *May*, 85 Mich. 1.

Moreover, we are not prepared to concede that the general right of inspection of public records enables one in every instance to publish such records broadcast without regard to the truth of defamatory matter contained in them. *Cowley* v. *Pulsifer*, 137 Mass. 392, 396. *Parker* v. *Republican Co.* 181 Mass. 392, 396. Compare *Conner* v. *Standard Publishing Co.* 183 Mass. 474, 479.

The doctrine long established in this Commonwealth is that the right to report proceedings in the courts does not extend to reporting accusations contained in papers filed by a party and not yet brought before a judge or magistrate for official action. *Cowley* v. *Pulsifer*, 137 Mass. 392, 394. *Kimball* v. *Post Publishing Co.* 199 Mass. 248. *Lundin* v. *Post Publishing Co.* 217 Mass. 213. *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 455. *Thompson* v. *Boston Publishing Co.* 285 Mass. 344, 346–348. As was said in *Metcalf* v. *Times Publishing Co.* 20 R. I. 674, 678, "The right of a party to make charges gives no right to others to spread them." It is elementary law that a defendant cannot free himself from responsibility for spreading defamation by stating that the charges were made by another, and not by the defendant. *Maloof* v. *Post Publishing Co.* 306 Mass. 279, 280.

The defendant urges us to abandon the doctrine of the *Cowley* and *Lundin* cases, and to adopt instead the innovation made by a distinguished court in *Campbell* v. *New York Evening Post, Inc.* 245 N. Y. 320, 52 Am. L. R. 1432 and note, followed in *Lybrand* v. *State Co.* 179 S. C. 208, 104 Am. L. R. 1118, and *Paducah Newspapers, Inc.* v. *Bratcher*, 274 Ky. 220. The defendant contends in substance that the doctrine of our cases does not prevent grievous harm to an individual falsely accused at some preliminary hearing and later exonerated, and that the

adoption of the doctrine of the *Campbell* case would result in the removal of uncertainty and danger from the business of newspapers with only a small additional risk of harm to maligned individuals.  We confess that we are little moved by that argument.  Public policy requires a glare of publicity upon the doings of courts, even though individual litigants suffer unmerited harm.  But the publication of accusations made by one party against another in a pleading is neither a legal nor a moral duty of newspapers.  Enterprise in that matter ought to be at the risk of paying damages if the accusations prove false.  To be safe, a newspaper has only to send its reporters to listen to hearings rather than to search the files of cases not yet brought before the court.  The older doctrine of the *Cowley* and *Lundin* cases still seems to us well founded in principle and without injustice in its practical operation.  It is supported by the great weight of authority in other jurisdictions.  Am. Law Inst. Restatement: Torts, § 611, comment c.  33 Am. Jur., Libel & Slander, § 157.  We adhere to it.

By its request numbered 16 the defendant asked the following ruling: "The publication of April 11, 1941, became the publication of matter which was subject to privilege on May 19, 1941, when the court acted upon the plaintiff's motion for speedy trial.  No damages can be awarded for any injury to the plaintiff's reputation arising after that date."  We need not discuss the question of law suggested by this request, though we do not intimate that there is anything in it.  The record contains no trace of any action by the court with reference to any motion for speedy trial, much less any account of what was said or done at any hearing upon such a motion.  What has been said applies also to the defendant's request numbered 16A.

The judge was not required, though requested by the defendant, to comment upon the obvious fact that Emerson, and not the defendant, made the charges against the plaintiff.  How far details of the facts and evidence should be discussed was for the judge to determine.  He could not be required to argue the case for the defendant, with respect to either liability or damages.  *Gregory* v. *Maine Central*

*Railroad,* 317 Mass. 636, 641. Though the charges were made by Emerson, the defendant was liable for spreading them. The judge protected the defendant sufficiently by instructing the jury that the defendant was liable only for the injury caused by the publication in the defendant's newspaper. The fact that the defendant itself did not make any charges was obvious, and that fact might well lessen the harm to the plaintiff, and consequently lessen the damages. *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, 245, 246. *Howland* v. *Flood,* 160 Mass. 509, 517. But the judge was not bound to comment upon that fact.

The defendant excepted to the refusal of its request numbered 14, that the publication by the defendant on February 21, 1942, of an account of the disposal of the case of Emerson against the present plaintiff in favor of the latter, should be considered in mitigation of damages. That publication was not a retraction under G. L. (Ter. Ed.) c. 231, § 93, as appearing in St. 1943, c. 360. *Monaghan* v. *Globe Newspaper Co.* 190 Mass. 394, 399. *Ellis* v. *Brockton Publishing Co.* 198 Mass. 538. So far as that publication had legitimate effect in lessening or shortening the injurious effect of the original publication, the jury were permitted to give weight to it under the general instruction as to damages already referred to. There was no need to single out the later publication for comment.

*Exceptions overruled.*