KATHLEEN ANN BELKO TIMBRELL *vs.* PLAINVILLE RECREATIONAL DRIVE-IN THEATRE, INC. November 6, 1972. This is an action in tort for negligence in which the defendant's answer was a general denial, contributory negligence, and assumption of risk. The jury found for the defendant, and the case is here on a bill of exceptions. The accident occurred in 1955 but the action was not brought until 1967 (the statute of limitations having presumably been tolled during the plaintiff's minority) and was finally tried in 1970. On September 1, 1955, the plaintiff with her mother and others came by car to the defendant's drive-in movie theatre and attended a picture showing there. The plaintiff was then eight years of age. At intermission, around 9 P.M., the plaintiff with others walked to the restaurant stand on the premises to buy refreshments. The plaintiff proceeded along a metal rail to the counter where food and coffee were being served. According to the

plaintiff, a waitress behind the counter lost her balance while holding a container of very hot coffee in her hand; her arm came forward over the counter and the coffee spilled onto the plaintiff, causing severe burns on the plaintiff's right upper arm and mid-chest. Testimony on the part of the defendant tended to prove that there was a cardboard tray on the counter with holes to secure uncovered cups of the hot coffee and that the plaintiff picked up the tray and spilled the coffee on herself. At the close of the evidence, the plaintiff's counsel requested an instruction roughly as follows looking to the defendant's version of the facts: that if coffee was placed in such a position on the counter that it might be reasonably anticipated by the defendant that it could involve the danger of an eight year old child's reaching and causing the coffee to come upon the child, then the jury would be warranted in finding the defendant negligent and liable unless the child was contributorily negligent in her status as an eight year old child. The judge denied the requested instruction, and an exception was taken. He then instructed the jury generally. To this charge no exception was taken. The requested instruction was an attempt by the plaintiff to provide the jury with an avenue to find for the plaintiff even if they accepted the defendant's version, or perhaps a part of the defendant's version of the facts. Whether, in all the circumstances of the case, which cannot be fully reflected on a bill of exceptions, such a specific instruction directed to and highlighting a portion of the evidence would assist the jury in finding the truth, or would, rather, mislead or confuse them, must be left largely to the discretion of the trial judge. *Commonwealth* v. *Polian*, 288 Mass. 494, 499. *Gregory* v. *Maine Cent. R.R.* 317 Mass. 636, 641. *Sanford* v. *Boston Herald-Traveler Corp.* 318 Mass. 156, 159. *Hayes* v. *Roslindale Taxi, Inc.* 357 Mass. 767. We cannot say that the judge abused his discretion.

*Exceptions overruled.*

*Edward J. Davis* for the plaintiff.
*William D. Joyce* for the defendant.