Agnes, A.J.
BACKGROUND
This is a civil action in which the plaintiff alleges he suffered injury and damages as a result of the negligence of Flatley Company when he slipped and fell on an unnatural accumulation of ice and snow near his condominium unit. The plaintiff also alleges in separate counts unfair settlement practices against the defendant’s insurer. The parties have filed a joint, assented to pretrial motion captioned “Assented to Motion for Confidentiality and Protective Order” (hereafter, “Motion”). By their joint motion, the parties seek an order of the court that would (1) impose conditions on the disclosure by any party of material related to this case during the pretrial stage, and (2) limit the extent to which the parties, their agents, and court personnel may disclose such material to others, including to members of the public both during the life of this case and into the future.
DISCUSSION
I. The Nature of the Relief Requested by the Motion for Confidentiality Has the Characteristics of an Order of Impoundment and a Protective Order.
The joint, assented to Motion is a multi-page document which if approved by the court would constitute a far reaching order of the court that would serve both to impound certain materials filed with the court and impose restrictions and conditions on the manner and the extent to which the parties conduct pretrial discovery in this case. Moreover, it would survive the disposition of this litigation and create obligations on the parties to this case as well as to third parties in the future. The Motion includes a series of definitions. “Confidential Information” is defined as any information which the “producing party believes in good faith is not generally known to others in the producing parly’s practice or business and which the producing party normally would not reveal to third persons except in confidence, or information received by the producing party from others which the producing party is required to or should properly maintain in confidence, and any information derived therefrom and all summaries, digests and synopsis thereof.” Motion, para. 1.3.
The term “producing party” is defined as “the party or person other than a party, disclosing or producing confidential information” in any form in these proceedings. Motion, para. 1.1. The motion provides further that “confidential information” contained in any “pleading, document, a deposition transcript, or produced in the course of these proceedings . . . shall be designated specifically” by marking the item as “confidential.” Motion, para. 2. Material not so designated may later be designated as “confidential” by appropri *34 ate notice to the receiving party’s counsel. Motion, para. 5. The motion also provides that a so-called “confidential” document that is later offered into evidence at trial and marked as an exhibit shall have any reference to its character as “confidential” removed or obliterated. The intended scope of the motion is broad and is specifically set forth in several other paragraphs. Paragraph 3 of the motion provides that a “confidential” document shall be disclosed only to the parties, their insurers, counsel and agents of their counsel, and that others employed by counsel shall sign an agreement to respect the confidentiality of the document before receiving any such information. Also, only persons who agree to be bound by the restrictions on dissemination of confidential information are permitted to attend depositions, including the reporter taking the testimony. Motion, para. 4 & 6. The motion provides further that if a party wishes to file a document or transcript with the court “prior to the final hearing” that is within the definition of “confidential information,” counsel for the parties must be notified in advance and given an opportunity “to apply to the court for an appropriate order to preserve their confidentiality.” Motion, para. 7.
The motion provides that a party is not enjoined from maintaining that certain documents are not confidential. It does not restrict access to or disclosure of material obtained independently of this case or material that becomes a matter of public knowledge. Motion, para. 9. Further, a party is free to seek additional relief from the court. Motion, para. 10. The motion includes provisions whereby the parties agree that at the conclusion of the case, all material designated as “confidential” will be returned to the party who produced them. Motion, para. 8. Finally, the Motion provides that the relief requested will survive the termination of the case and that the court will retain jurisdiction to enforce the requirements of any orders that are issued. Motion, para. 12.
II. The Motion for Confidentiality Does Not Conform to the Requirements of Massachusetts Law Regarding Impoundment and Protective Orders.
The joint motion has the effect of enabling any of the parties to this action to attach the designation “confidential” to a pleading, transcript, or other document that may be filed in court, without any showing of good cause (or even any cause) and without prior approval by the court, and, thereby (1) to prevent court personnel and other parties from making any disclosure of the material to any third party and (2) to prevent the public from access to it. See Motion, para. 1.2, 2 & 3. Although our rules direct that most of the material produced by and exchanged among the parties during the pretrial discovery stage of civil litigation should not be filed with the court, e.g., Mass.R.Civ.P. 5(d)(2), Administrative Directive of the Superior Court 90-2 (non-filing of discovery materials), the parties in a case nonetheless have an obligation to file with the court “all papers after the complaint required to be served upon a party . . .” Mass.R.Civ.P. 5(d)(1). The papers required to be filed include responsive pleadings, orders, and motions among other things. Mass.R.Civ.P. 5(a) & 5(d)(1). Thus, the joint, assented to Motion is the functional equivalent of an order of impoundment. See VII Uniform Rules on Impoundment Procedure (hereafter, “Impoundment Rules”), Rule 1 (“As used herein, ‘impoundment’ shall mean the act of keeping some or all of the papers, documents, or exhibits, or portions thereof, in a case separate and unavailable for public inspection”). See also Sanford v. Boston Herald Traveler Corp., 318 Mass. 156, 158 (1945).
The Uniform Rules require that a motion for impoundment must be accompanied by an affidavit. Impoundment Rules, Rule 2. The Massachusetts rules require that before an order of impoundment may be entered, there must be a hearing and a showing of “good cause.” Impoundment Rules, Rule 7. See H.S. Gere & Sons v. Frey, 400 Mass. 326, 329 (1987). The rule provides further that ”[i]n determining good cause, the court shall consider all relevant factors including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason(s) for the request.” Finally, the rules specifically require that “(a)n order of impoundment, whether ex parte or after notice, may be made only upon written findings.” Impoundment Rules, Rule 8.
The requirements set forth in the Uniform Rules for the exercise of a court’s authority to enter orders of impoundment are derived from both common law and constitutional considerations.[1] Under the common law of Massachusetts restrictions on access to judicial proceedings must be measured against “the general principle of publicity.” Commonwealth v. Blondin, 324 Mass. 564, 571 (1949) (Qua, C.J.). This principle governs access to and disclosure of pretrial discovery material and pleadings, motions and other papers filed with the court. H.S. Gere & Sons, Inc., supra, at 328-29. The sine qua non for a valid order of impoundment is “the exercise by judges of a sound discretion.” Ottaway Newspapers Inc. v. Appeals Court, 372 Mass. 539, 546 (1977). See also Cronin v. Strayer, 392 Mass. 525, 534 (1984) (”[T]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery”). A sound judicial discretion in this context requires a showing by the party seeking impoundment of “good cause” and a determination by the court that the scope and duration of an order impoundment is no greater than necessary. See H.S. Gere & Sons, Inc. v. Frey, supra 329. The motion before the court would replace judicial discretion with the discretion of the parties in making the determination of whether, when and to what extent material filed with the court is available *35 to others. This cannot be squared with the general principle of publicity or the requirements of Rule 7 of the Uniform Rules on Impoundment. See Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 217, 227 (6th Cir. 1996) (“Rejecting validity of a stipulated protective order and noting that the district court cannot abdicate its responsibility to oversee the discovery process and determine what filings should be available to the public”).
Because an order of impoundment affects not only the interests of the parties but those of other persons who may have an interest in the litigation as well as the public, see Uniform Rules, Rule 4 (court has discretion to notify “interested third persons”), it is appropriate for the court to raise these questions sua sponte.
The joint, assented to motion also runs afoul of the requirements for a protective order. A protective order may be sought by a party or a person from whom discovery is sought in order to shield the party or person from “annoyance, embarrassment, oppression, or undue burden or expense.” Mass.R.Civ.P. 26(c). The party or person requesting relief must demonstrate "good cause.” Mass.R.Civ.P. 26(c). The Motion does not indicate that any of the parties in this case will suffer any particular harm as a result of the operation of the machinery of pretrial discovery. The parties have not submitted an affidavit in support of the Motion and there has been no demonstration of “good cause” for its allowance.
ORDER
For the above reasons, the joint, assented to Motion for Confidentiality is DENIED.

 light of the common law basis for the action taken by the court, it is unnecessary to consider the First Amendment or state constitutional issues that may arise when such a motion is filed. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 24 (1984) (as a general rule, before a trial court may order a limitation on access to information gained through the civil discovery process and filed with the court it must consider whether the order furthers “an important or substantial governmental interest unrelated to the suppression of expression" and whether “the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved”).