Agnes, A.J.
BACKGROUND
By written motion captioned “Joint Motion for Protective Order” (hereafter, “Motion”), the parties have moved for a protective order under Mass.R.Civ.P. 26(c). The motion is accompanied by a document captioned ’’Confidentiality Stipulation and Order" but not by an affidavit or any supporting facts.
The parties’ motion seeks a court order that would have the effect of enabling any of the parties to this action to attach one of two special designations of confidentiality to any item of discovery in this case. Under the Motion, the designation “confidential” could be assigned by either party to “any files, documents, *189 computerized information, testimony or other information furnished by that party in the course of pretrial discovery in the Action which such person believes in good faith constitutes or reveals confidential, proprietary or personal information.” Motion, para. 1. The designation “ConfidentialAttorneys’ Eyes Only” could be assigned by either party to “confidential, personal, business, customer or financial information; marketing or technological information and know-how; and sales, profit and expense figures and lists of physical inventory.” Motion, para. 2.
As drafted, this proposed protective order would authorize either party to unilaterally secure the impoundment of a pleading, transcript, or other document that may be filed in court, without any showing of good cause (or even any cause)[1] and without prior approval by the court, and thereby (1) to prevent court personnel and other parties from making any disclosure of the material to any third party and (2) to prevent the public from access to it. See Motion, para. 1, 2, & 3.[2] Although our rules direct that most of the material produced by and exchanged among the parties during the pretrial discovery stage of civil litigation should not be filed with the court, e.g., Mass.R.Civ.P. 5(d)(2), Administrative Directive of the Superior Court 90-2 (non-filing of discovery materials), the parties in a case nonetheless have an obligation to file with the court “all papers after the complaint required to be served upon a party . . Mass.R.Civ.P. 5(d)(1). The papers required to be filed include responsive pleadings, orders, and motions among other things. Mass.R.Civ.P. 5(a) & 5(d)(1).
DISCUSSION
The proposed protective order is the functional equivalent of an order of impoundment. See VII Uniform Rules on Impoundment Procedure (hereafter, “Impoundment Rules”), Rule 1 (“As used herein, ‘impoundment’ shall mean the act of keeping some or all of the papers, documents, or exhibits, or portions thereof, in a case separate and unavailable for public inspection”). See also Sanford v. Boston Herald Traveler Corp., 318 Mass. 156, 158 (1945).
The Impoundment Rules require that a motion for impoundment must be accompanied by an affidavit. Impoundment Rules, Rule 2. The Impoiindment Rules also require that before an order of impoundment may be entered, there must be a hearing and a showing of “good cause.” Impoundment Rules, Rule 7. See H.S. Gere & Sons v. Frey, 400 Mass. 326, 329 (1987). Rule 7 further provides that “(i]n determining good cause, the court shall consider all relevant factors including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason(s) for the request.” Finally, the Impoundment Rules specifically require that “(a]n order of impoundment, whether ex parte or after notice, may be made only upon written findings.” Impoundment Rules, Rule 8.
The requirements set forth in the Impoundment Rules for the exercise of a court’s authority to enter orders of impoundment are derived from both common law and constitutional considerations.[3] Under the common law of Massachusetts restrictions on access to judicial proceedings must be measured against “the general principle of publicity.” Commonwealth v. Blondin, 324 Mass. 564, 571 (1949) (Qua, C.J.). This principle governs access to and disclosure of pretrial discovery material and pleadings, motions and other papers filed with the court. H.S. Gere & Sons, Inc., supra, at 328-29. See also Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (acknowledging existence, on non-constitutional grounds, of presumption in favor of access to documents filed in court). The sine qua non for a valid order of impoundment is “the exercise by judges of a sound discretion.” Ottaway Newspapers Inc. v. Appeals Court, 372 Mass. 539, 546 (1977). See also Cronin v. Strayer, 392 Mass. 525, 534 (1984) (“[T]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery”). A sound judicial discretion in this context requires a showing by the party seeking impoundment of “good cause” and a determination by the court that the scope and duration of an order impoundment is no greater than necessary. See H.S. Gere & Sons, Inc. v. Frey, supra 329.
The motion before the court would replace judicial discretion with the discretion of the parties in making the determination of whether, when and to what extent material filed with the court is available to others. This cannot be squared with the general principle of publicity or the requirements of Rule 7 of the Uniform Rules on Impoundment. See Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 217, 227 (6th Cir. 1996) (“Rejecting validity of a stipulated protective order and noting that the district court cannot abdicate its responsibility to oversee the discovery process and determine what filings should be available to the public”).
An order of impoundment affects not only the interests of the parties but those of other persons who may have an interest in the litigation as well as the public, see Impoundment Rules, Rule 4 (court has discretion to notify “interested third persons”).
During the discovery process, unlike at trial, information must be disclosed that does not meet the test of relevancy or admissibility, and that often has very little to do with the genuine issues in dispute. See In re San Juan Star Co., 662 F.2d 108, 115 (1st Cir. 1981). It is not uncommon, especially in the context of business and commercial litigation, that a parly is required to turn over to another party discovery material that it did not foresee being part of the discovery exchange at the time litigation was commenced, or, even if it did, *190 that could have a seriously deleterious effect on the producing party’s business opportunities or secrets if it becomes available to the public. In such a case, the law permits the court, in the exercise of a sound discretion, to fashion remedies to protect the producing party from the risks associated with disclosure of the information or material. A protective order may be sought by a party or a person from whom discovery is sought in order to shield the party or person from “annoyance, embarrassment, oppression, or undue burden or expense.” Mass.R.Civ.P. 26(c). The party or person requesting relief must demonstrate “good cause.” Mass.R.Civ.P. 26(c). Accord, International Union v. Garner, 102 F.R.D. 108, 113 (M.D. Tenn. 1984); Reliance Insurance Co. v. Barron's, 428 F.Sup. 200, 202-03 (S.D.N.Y. 1977).
On the other hand, it is not uncommon that in the course of litigation, business commercial or otherwise, information is required to be disclosed in discovery that is embarrassing or damaging to a party’s interest, but that nevertheless does not quality for protection because of the principle of publicity which lies at the heart of our public justice system. Despite the burdens that discovery may impose on a party, there may be great value in sharing discovery with persons who are not parties to the case. Sharing of information gained through discovery may encourage the producing party to be consistent in its responses to discovery requests and may lower the costs of litigation for others. See Garcia v. Peeples, 734 S.W.2d 343, 347 (Texas 1987). If a party is required to disclose information in discovery and that material is filed in court, access to it should not be prohibited merely because a party, even all parties, desire to keep adverse information from the public or to bar the information from being used in other cases. See Farnum v. G.D. Searle & Co., 339 N.W.2d 384, 390 (Iowa 1983). Subject to reasonable restrictions that may be imposed by the court under provisions such as the Impoundment Rules and Rule 26(c) of the Massachusetts Rules of Civil Procedure, the public has a right to know what goes on in our courts, and that includes the contents of discovery filed in court in both civil and criminal litigation. If the parties wish to assume complete control over the extent to which discovery materials will be shared with persons other than parties they have the option to choose private dispute resolution methods outside of the court.
The motion before the court does not indicate by reference to facts that any of the parties in this case will suffer any particular harm as a result of the operation of the machinery of pretrial discovery. The parties have not submitted an affidavit in support of the Motion and there has been no demonstration of “good cause” for its allowance.
ORDER
For the above reasons, the joint, assented to Motion for Protective Order is DENIED WITHOUT PREJUDICE.

 The Proposed “Joint Motion for Protective Order” states, in paragraph 3, that the designation of confidentiality that may be assigned by either party to any item of discovery constitutes “a good faith representation that such document, material or information has been reviewed by an attorney for the person and that, in such counsel's opinion, there is a good faith basis for such designation.” As noted infra, that is not an adequate substitute for a determination by the court that a basis exists for a protective order or an order of impoundment.

 The Proposed Order would permit either party to challenge the other party’s designation of material as either “confidential" or “confidential-attorneys' eyes only” by filing an objection in writing. In such a case, the other party may acquiesce or file a motion with the court to sustain the impoundment of the material. Motion, para. 14. If a motion is filed that disputes a party’s challenge to a confidentiality designation, “the burden shall be upon the producing party to demonstrate that under applicable legal standards the information in question is sufficiently sensitive to warrant ‘Confidential’ or ‘Confidential-Attorneys Eyes Only’ treatment under the provisions of this Stipulation.” Motion, para. 14. A person other than a party may seek “greater or lesser” protection with respect to these confidentiality declarations either from the parties or the court. Motion, para. 16. Of course, a person other than a party or someone who has received a copy of material that has been designated confidential would have no way of knowing what discovery material might have been produced by a party.

 In light of the common law basis for the action taken by the court, it is unnecessary to consider the First Amendment or state constitutional issues that may arise when such a motion is filed. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 24 (1984) (as a general rule, before a trial court may order a limitation on access to information gained through the civil discovery process and filed with the court it must consider whether the order furthers “an important or substantial governmental interest unrelated to the suppression of expression” and whether “the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved”). See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1983) (strict First Amendment standard should be applied to efforts to protect from disclosure material filed in connection with summary judgment motions in civil cases). See generally, Annot., 81 A.L.R. Fed. 471.