Connolly, J.
On July 25, 2001, a hearing was held regarding the settlement of this case pursuant to G.L.c. 231, §140C 1/2. After hearing, the Court approved this settlement. At said hearing, the defendant, Daimler Chrysler Corporation (hereinafter, “Daimler Chrysler”) also moved on its Assented-to Motion to Impound All Documents Setting Forth the Terms and Amounts of Its Settlement. All other parties assented to the allowance of the motion. After hearing, review of the parties’ submissions and for the foregoing reasons, this Court DENIES Daimler Chrysler’s impoundment motion.

BACKGROUND

This case involves the alleged wrongful death of Denise Ann Leslie on November 20, 1996 when the vehicle she was driving was involved in a multi-car motor vehicle accident on Route 495 South. During this accident, Ms. Leslie was ejected from the vehicle through the right passenger door and was struck by the left tires of a tractor trailer. Negligence suits were subsequently filed against several defendants, including Conn West Freight Systems (employer of truck driver that allegedly killed Ms. Leslie), Custom Personnel, Inc. (company which “leased” the truck driver to Conn West), Kenneth W. Fultz (driver of the truck) and Chrysler Corporation (manufacturer of the vehicle, a 1988 Dodge Aries). Another claim was also filed against Chrysler Corporation alleging that it breached its warranty in the manufacture or sale of a 1988 Dodge Aries automobile, and in particular, its front passenger door latch (through which door, allegedly, Ms. Leslie was ejected, and then struck by the wheels of the co-defendants’ truck).
After extensive discovery, the parties reached a settlement. Daimler Chrysler agreed to pay $400,000.00 while the remaining defendants agreed to pay $80,000.00. The parties in March 1999 had proposed that this Court approve a five-page “Confidentiality Agreement and Order" and incorporate it into an order. The scope of this proposed-confidentiality agreement was so broad in scope that it could include every piece of paper in the case that any parly deemed “Confidential.” If entered, it would enable the parties to invoke the power of the Court to enforce it and to deal with any alleged violations of its terms. On March 19, 1999, this Court subsequently declined to approve the agreement. In its ruling, this Court (Connolly, J.) stated the following:
The parties are free to, and evidently have, reached an agreement. However, to ask this Court to approve this agreement and hence be required to enforce this overly broad and all-inclusive agreement by contempt or sanctions is another matter entirely . . .
How any matter, which is the subject of this litigation, including documents concerning the “defectively designed and/or manufactured” front passenger door latch, in an eleven year old Dodge Aries could be the subject of a confidentiality “trade secrets” agreement is beyond the court’s comprehension. The Court is open to having the Defendant(s) filing appropriate affidavits, and reconsidering, in part, its ruling on this motion.
This Court reasoned that the only purpose for the confidentiality “trade secrets” agreement was to prevent a distribution of the documents to lawyers representing other individuals injured by Daimler Chrysler’s alleged defective product. After issuing its ruling, this Court never heard from any of the parties. Now, Daimler Chrysler moves to impound the approved settlement petition. Upon reaching the settlement agreement, Daimler Chrysler obtained the assent of all parties, including the plaintiffs, to file and *577 have allowed this assented-to impoundment motion, entitled Motion to Impound All Documents Setting Forth the Terms and Amounts of Its Settlement.
Based on these factual and procedural circumstances, this Court makes the following ruling.

DISCUSSION

Under the common law of Massachusetts, there is a long standing practice concerning the open conduct of judicial proceedings and the availability of judicial court papers to the public. This is generally referred to as the “general principle of publicity.” Ottaway Newspapers, Inc. v. Appeals Court, 372 Mass. 539, 546 (1977), and Cowley v. Pulsifer, 137 Mass. 392, 394 (1884) (Holmes, J.). “The ‘general principle of publicity’ remains, and it is only in a clearly meritorious case that impoundment can be contemplated.” Ottaway Newspapers, supra at 552. The discretion to impound case files and information rests with the court. Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156, 158 (1945). In determining whether impoundment is warranted, the court must balance privacy issues against the “general principle of publicity” and consider whether “good cause” exists for justifying the impoundment. See H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, at 329 (1987). In H.S. Gere, the Supreme Judicial Court also recognized that Rule 7 of the Uniform Rules of Impoundment Procedure states that "(a]greement of all parties or interested third persons in favor of impoundment shall not, in itself, be sufficient to constitute good cause.” Supra at 329, n.7. The Rules Of Impoundment were not effective until after the impoundment order in H.S. Gere was entered. Said Rules, therefore, did not govern said impoundment order.
Daimler Chrysler requests that this Court impound the motion for settlement approval. It argues that “good cause” exists for impoundment of this document because it “necessarily details the disclosure of particulars regarding the settlement that the parties have agreed to treat as confidential.” In further support of its position, Daimler Chrysler states that “the confidentiality of the terms and amount was a material condition of the settlement,” that “the parties have a legitimate expectation that the terms and amounts of the settlement remain private,” and that “such interests are sufficient to constitute good cause.” Daimler Chrysler also cites H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, at 329 (1987), as a supporting authority.
Daimler Chrysler’s particular reliance on H.S. Gere, however, is misplaced. In H.S. Gere, impoundment of criminal materials was sought. The plaintiff had been the victim of three separate crimes of nonforcible rape of child, of assault and battery and procuring alcoholic beverages for a minor. Supra at 327. Therein, the Court indicated that because there was “a legitimate expectation of privacy” and because the nature of the information was “intensively personal,” good cause existed to impound the papers in the civil action. In this case, there is no “legitimate expectation of privacy” or nothing as “intensively personal” as in H.S. Gere.
Overall, Daimler Chrysler fails to provide the requisite good cause warranting impoundment. When Daimler Chiysler’s attorney was pressed by the Court at oral argument on this motion as to what specifically constituted his client’s “good cause,” and why Daimler Chrysler wished to impound the settlement information, he provided in substance the following reasons:
1. that Daimler Chrysler did not want people to know what amount of money Daimler Chrysler was paying out on this case and that said knowledge might encourage other lawyers to bring further lawsuits on the claimed defect (eg. an alleged defective front passenger door latch); and
2. that if the impoundment was not granted, his client, Daimler Chrysler, might not settle lawsuits brought against it in the manner that it presently does.
These reasons are insufficient to constitute good cause.
Basically, Daimler Chrysler brings its motion to impound for its own financial self interests. It does not want the public to know that Daimler Chrysler paid $400,000.00 to settle this case for the claim of a defective front passenger door latch. The only ostensible purpose of the requested impoundment order is to keep the amount and nature of the settlement from the general public and attorneys with similar cases. Here, such an impoundment order would serve as a secrecy mechanism that conceals information of harmful products or practices from the public and function as a claim avoidance and claim management tool. Private defendants, especially manufacturers, frequently insist upon the use of confidentiality agreements and protective orders as a means of preventing dissemination of such important information, information which reveals the hidden dangers to other potentially affected members of the public. The insistence upon confidentiality agreements is often quid pro quo for the payment of monetary damages in the settlement of a case. In this Court’s opinion, an impoundment practice, even with the assent of the parties, used for the purposes described above, is abusive to the Court and to the public and in violation of c. 176D. Without question, the "general principle of publicity” here outweighs any proffered “privacy” reasons. The public has the right to learn of particularly harmful products or practices. Interference with this right can endanger members of the public by keeping them oblivious to actual risks or hazards that have already caused death or other harm to others. Simply put, Daimler Chrysler has failed to demonstrate the requisite good cause to permit the allowance of Daimler Chrysler’s Motion to Impound. Accordingly, the motion is DENIED.
*578 In issuing this ruling, this Court takes note that this issue of secrecy or impoundment orders in product liability and other cases has been widely discussed and debated in the United States. See Annotation, Restricting Public Access to Judicial Records of State Courts, 84 ALR 3rd 598 (1978 as Supplemented through June 2000), and Note, Sealed Out-of-Court Settlements: When Does the Public Have a Right to Know, 66 Notre Dame L.Rev. 117 (1990). This issue, for example, has prompted several state legislatures to take action. Presently, one state (Virginia) has an anti-secrecy statute specific to personal injury/wrongful death cases. Four states (Arizona, Florida, Louisiana and Washington) have statutes with anti-secrecy provisions applicable to public hazards. Nine states (Arizona, California, Delaware, Georgia, Indiana, Massachusetts, Michigan, New Jersey and New York) have statutes or court rules with anti-secrecy provisions applicable to Court Records in general. Additionally, in Massachusetts, there is pending Senate Bill, No. 862, legislation sponsored by the Senate and House Chairmen of the Joint Judiciary Committee which seeks to create substantial regulation of confidentiality agreements, settlement agreements and protective orders in cases of environmental hazard, financial fraud or defective products. Additionally, the proposed legislation would make the practice of conditioning the settlement of a products liability case on the secrecy of the settlement to be a violation of c. 176D.

ORDER

The defendant, Daimler Chrysler’s Motion to Impound all documents setting forth the terms and amounts of its settlement is DENIED.