[No. 14047.   Department Two. — March 26, 1892.]

MARY CAHILL, RESPONDENT, *v.* DANIEL MURPHY, APPELLANT.

SLANDER — DAMAGES — MENTAL SUFFERING — DISGRACE TO PLAINTIFF'S FAMILY. — Mental suffering entitles the plaintiff to compensation in an action for slander, and such suffering may be increased and the damages consequently enhanced by the fact that the members of the plaintiff's family would suffer by reason of the disgrace imposed upon the plaintiff by the slanderous charge.

ID. — EVIDENCE — AGES OF PLAINTIFF'S CHILDREN — DEPENDENCE FOR SUPPORT. — In an action for slander, it is competent, upon the question of damages, to prove the number and ages of the plaintiff's children; but not that they are dependent upon the plaintiff for support.

ID. — SLANDEROUS CHARGE OF ARSON — ADMISSION OF INCOMPETENT EVIDENCE — HARMLESS ERROR. — In an action for damages for slander, where the complaint alleged and the evidence showed that the slanderous words consisted in charging the plaintiff, falsely and maliciously, with an attempt to commit the crime of arson, and the evidence showed that the plaintiff was a defenseless woman with four children, three of whom were minors, and the jury returned a verdict in favor of the plaintiff for twelve hundred dollars, although the prayer of the complaint was for ten thousand dollars, the error of the court in permitting the plaintiff to show how many of her children were dependent upon her for support cannot be said to be error prejudicial to the defendant, in view of the enormity of the charge, the situation of the parties, and the small amount of damages awarded.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Frank McGowan*, for Appellant.

It was error for the trial court to admit evidence to show who were depending upon the plaintiff. (*Rhodes v. Naglee*, 66 Cal. 681.)

*J. H. G. Weaver,* for Respondent.

It was clearly competent for the plaintiff to prove the number and ages of the plaintiff's children, and that they were dependent upon the plaintiff for support. (*Rhodes* v. *Naglee,* 66 Cal. 677; *Dixon* v. *Allen,* 69 Cal. 527; Townshend on Slander and Libel, 3d ed., sec. 390; *Perrine* v. *Winters,* 73 Iowa, 645; *Peltier* v. *Mict,* 50 Ill. 511.)

FITZGERALD, C. — This is an action for slander. The complaint alleges, in substance, that on or about the twenty-first day of September, 1889, and for a long time prior thereto, plaintiff, with her children, occupied certain rooms in a hotel of which the defendant was owner and proprietor; that one of these rooms was situated on the ground-floor of the hotel, and used by her for the purpose of carrying on and conducting a general merchandising business; that on said last-mentioned date, the soot in the chimney leading from the room used as a store became ignited, causing an alarm of fire to be given; and it is further alleged, upon information and belief, that the fire was communicated to the soot in the chimney from a fire in the stove situated in said store.

The slanderous words out of which this action arose are alleged to have been falsely and maliciously spoken by the defendant of and concerning the plaintiff, and are laid as follows: "This is twice you [the plaintiff meaning] have tried to burn us [the said hotel meaning] out to get your fourteen hundred dollars insurance. But I will report you [the said plaintiff meaning] to the insurance company to-morrow morning, and have your insurance taken away from you."

It is further alleged that the defendant, by the use of these words, intended to convey the meaning that the plaintiff willfully and maliciously communicated the fire to the soot in said chimney, and that by so doing she was guilty of an attempt to commit the crime of arson, and that they were so understood by those in whose

presence they were uttered, to the damage of plaintiff's character and business in the sum of ten thousand dollars.

A demurrer was interposed to the complaint, which, upon the grounds stated, was properly overruled.

Defendant thereupon answered, specifically denying the material allegations of the complaint, and upon the issues thus joined, plaintiff had verdict and judgment for twelve hundred dollars.

The only error complained of, which we deem it necessary to consider, relates to the ruling of the court upon defendant's objection to the following question propounded to plaintiff on her examination in chief as a witness, and after she had testified, without objection, that she had "a family of four children."

"Q. How many of them are dependent upon you for support?"

Objected to, on the ground that the question "is incompetent and immaterial." The objection was overruled by the court, and defendant excepted.

"A. Three are dependent upon me at present."

It is claimed that the effect and purpose of this testimony was to arouse the sympathies and sentimental feelings of the jury, to the prejudice of defendant's case, by the introduction of an element that did not belong to it, and which the jury could not properly consider in the assessment of damages.

In *Rhodes* v. *Naglee*, 66 Cal. 681, the ruling of the court below permitting the plaintiff, against defendant's objection, to prove that he was a married man and had a family, was held not to be erroneous.

And in *Dixon* v. *Allen*, 69 Cal. 527, the mother of the plaintiff was allowed to testify as to the number of her children, their ages, and the death of her husband.

The rule laid down by this court in those cases rests upon the principle (although not stated) that as mental suffering entitled the plaintiff to compensation in cases of this character, such suffering may be increased and the damages consequently enhanced by the

fact that the members of the plaintiff's family would suffer by reason of the disgrace visited upon her by the slanderous charge.

It was therefore competent, in this case, on the question of damages, to prove the number and ages of plaintiff's children; but that they were dependent on her for support was irrelevant, and not within the issues raised by the pleadings, therefore erroneous.

But was it such a material error as would justify a reversal?

The rule in this state is well settled, that injury will be presumed from error, unless the record affirmatively shows to the contrary. It was competent, as we have stated, for the plaintiff to prove the number and ages of her children, and if it appeared from the evidence that they were minors, the presumption would be that they were naturally and legally dependent on her for support. The effect, therefore, of such evidence would be the same as if proven by direct testimony.

The evidence upon which the verdict was founded shows that the slanderous words charged were spoken wantonly and maliciously. The plaintiff was therefore entitled to recover of the defendant exemplary or punitive damages, and the assessment of such damages was almost entirely in the discretion of the jury.

In view, therefore, of the enormity of the charge and the situation of the parties, the plaintiff being a defenseless woman, coupled with the amount of damages awarded by the jury as compared with the sum sued for, we are satisfied that the jury was not influenced by this evidence prejudicially to the defendant's case.

The verdict might well have been for a much larger sum, and yet not obnoxious to the objection that it was excessive. In this case we think the evidence immaterial, and its admission by the court a mere technical error. (*People* v. *Fick*, 89 Cal. 144.)

The judgment and order should be affirmed, and we so advise.

TEMPLE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.