[L. A. No. 4231. Department One.—May 24, 1918.]

GEORGE E. WAITE, Respondent, v. SAN FERNANDO PUBLISHING COMPANY (a Corporation), et al., Appellants.

LIBEL—NEWSPAPER PUBLICATION—MATTER LIBELOUS PER SE.—An article published in a newspaper stating both directly and inferentially that the person who was the subject of the article deliberately took advantage of and overreached a widow recently bereaved, in a transaction involving the sale of a crop of olives, and proceeding with the

statement that such a person is unworthy to be elected to an office of public honor and trust to which he aspires, is clearly libelous *per se.*

ID.—PLEADINGS—SUFFICIENCY OF COMPLAINT.—A complaint, in an action for libel, setting forth such a publication, and alleging that it has caused and now causes the plaintiff great humiliation, pain and suffering, and has injured and is injuring the plaintiff's reputation in the community, is a sufficient statement of a cause of action, notwithstanding a statement also contained therein that the plaintiff is "of good name and reputation," that he "has had and now has a wide circle of business, social, and political friends."

ID.—MENTAL SUFFERING—EVIDENCE—AGE AND SEX OF PLAINTIFF'S CHILDREN.—The trial court in such a case properly permitted the plaintiff to testify as to the ages and sex of his children, upon the principle that as mental suffering entitles a plaintiff in cases of that character to compensation, such suffering may be increased and the damages consequently enhanced by plaintiff's consciousness of the fact that members of his family would suffer by reason of the disgrace visited upon him by the libelous charge.

ID.—CONVERSATIONS SUBSEQUENT TO PUBLICATION — ADMISSIBILITY IN EVIDENCE.—Evidence of conversations with certain of the defendants subsequent to the publication of the article, concerning the publication and the defense such defendants meant to interpose, and tending to show that each of the defendants had actual knowledge of the fact and contents of the published article, and that after such notice they took no steps to have it withdrawn, and expressly approved its publication, was competent and proper for the purpose of showing actual malice on the part of those defendants.

ID.—NEWSPAPER INTERVIEW.—A defamatory article otherwise libelous *per se* does not lose its character in that regard, because couched in the form of an interview, or accompanied by a statement that it is "reported" or "asserted" or "believed" to be true.

ID.—PUNITIVE DAMAGES.—Where the complaint in an action for damages for libel charged the defendants with express malice and with the malicious intent of injuring plaintiff's reputation, and, though it did not expressly pray for punitive damages in so many words, did ask for a general verdict of twenty thousand dollars, and the jury, in response to special interrogatories, found compensatory damages in the sum of two thousand dollars and exemplary damages in the sum of one thousand dollars, and the evidence in the record justified the jury in finding the averments of malice true, the jury was justified in making its award of the sum allowed for exemplary damages.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Hass & Dunnigan, and J. J. Wilson, for Appellants.

Spencer Thorpe, and Erwin W. Widney, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor in an action for libel, alleged to have consisted in the publication in a certain newspaper owned and controlled by the defendants of a certain article defamatory of the plaintiff's character.  The jury returned a general verdict of three thousand dollars' damages against the defendants, and in response to special interrogatories found compensatory damages in the sum of two thousand dollars and exemplary damages in the sum of one thousand dollars.  From the judgment entered upon such verdict the defendants prosecute this appeal.

The appellants' first contention is that the complaint does not state facts sufficient to constitute a cause of action.  This claim is predicated upon that portion of the complaint in which the plaintiff avers that he "was at all the times herein mentioned and now is a citizen of the state of California of good name and reputation," and that "he has had and now has a wide circle of business, financial, social, and political friends, and was at all the times herein mentioned and now is engaged in conducting his private business affairs and in building up his personal reputation and business standing in the community in which he lives."  The appellants urge that these averments of the plaintiff's complaint show that he was in no way damaged by the publication complained of, and hence had no cause of action.  But the complaint goes much further in its averments as to the plaintiff's injury than the foregoing excerpts would show.  It sets forth in terms a publication which, both directly and inferentially, charges that the plaintiff deliberately took advantage of and overreached a widow recently bereaved and in ill health in a business transaction involving the sale of a crop of olives; and then proceeds to state that such a person is unworthy to be elected to an office of public honor and trust, to which he aspires.  The article was clearly and unmistakably libelous *per se.*  The complaint proceeds to allege "that the publication of said article has caused, and does now cause, plaintiff great humilia-

tion, pain, and suffering; has injured and is injuring plaintiff's reputation in the community where he lives and throughout the territory covered by the circulation of said newspaper, and has injured, and is injuring, plaintiff personally, financially, politically, and socially throughout said territory, and tended to, and tends to, destroy plaintiff's personal, financial, political, and social standing throughout said territory." It requires no argument to show that the complaint, read as a whole, constitutes a cause of action.

The next contention of the appellants is that the trial court erred in overruling an objection to the following question asked plaintiff while testifying as a witness in support of the averments of his complaint: "Q. What is the age of your children and the sex of each?" A similar inquiry was held proper in the earlier cases of *Rhodes* v. *Naglee,* 66 Cal. 677, [6 Pac. 863], and *Dixon* v. *Allen,* 69 Cal. 527, [11 Pac. 179], while the question in almost its precise form was held to be permissible in the case of *Cahill* v. *Murphy,* 94 Cal. 29, [28 Am. St. Rep. 88, 30 Pac. 195], wherein the court, after citing the foregoing cases, stated that the rule rests upon the principle that as mental suffering entitles a plaintiff to compensation in cases of this character, such suffering may be increased and the damages consequently enhanced by his consciousness of the fact that members of the plaintiff's family would suffer by reason of the disgrace visited upon him by the slanderous charge. It follows that the trial court was not in error in its ruling in the instant case.

The next contention of the appellants is that the court erred in permitting one of plaintiff's witnesses to testify to a certain conversation after the publication of the article, had with the defendants Wilson, Hille, and Eigholz, concerning the publication of the article and the defense they meant to interpose in the action. The purpose of this inquiry was that of showing that these defendants had each actual knowledge of the fact and contents of the published article, and that, after such notice, they not only took no steps to have its charges withdrawn, but expressly approved its publication. This was for the purpose of showing actual malice on the part of these defendants in making and persisting in the defamatory charges which the article contained. The conversation sought to be elicited was entirely competent and proper for these purposes. (*Preston* v. *Frey,* 91 Cal. 107, [27 Pac. 533].)

The next several contentions of the appellants have reference to a number of instructions which the court gave, or which it refused to give at the defendant's request.   Some of these contentions are predicated upon the assumption that the article in question was not libelous *per se.*   This contention has already been disposed of, but it might be added that a defamatory article which would be libelous *per se,* if its matter was directly stated, does not lose its quality in this regard because it is couched in the form of an interview with another person, or because it seeks to avoid its otherwise obvious character as a libel *per se* by the statement that it is reported or asserted or believed to be true.   (*Gilman* v. *McClatchy,* 111 Cal. 606, [44 Pac. 241]; *Edwards* v. *San Jose etc. Soc.,* 99 Cal. 431, [37 Am. St. Rep. 70, 34 Pac. 128]; *Wilson* v. *Fitch,* 41 Cal. 363.)

The appellants' criticism of the other instructions given or refused have not sufficient merit to require separate consideration.   The instructions of the trial court, taken as a whole, very fully and fairly stated the law of libel applicable to the case at bar.

The appellants' final contention is that the verdict of the jury was contrary to law, in so far as it undertook to assess punitive damages against the defendants for being actuated by actual malice in making the publication complained of. Much of the argument addressed to this point is occupied with a discussion of the evidence and the deductions to be drawn therefrom, but these were matters for the jury.   The complaint charged the defendants with express malice and with the malicious intent of injuring plaintiff's reputation. · There is sufficient evidence in the record to have justified the jury in finding these averments to be true.   The plaintiff, it is true, did not expressly pray for punitive damages in so many words, but he did ask for a general verdict for damages in the sum of twenty thousand dollars.   This was sufficient to have justified the jury in making its award of the sum allowed for exemplary damages.   We find no merit, therefore, in the appellants' contention in this regard.

No error appearing in the record, the judgment is affirmed.

Sloss, J., and Shaw, J., concurred.