# SIMMICK *v.* FLORIO ET AL.

No. 2415

April 30, 1930.                    287 P. 447.

*McCarran & Mashburn,* for Appellants:

*Carey Van Fleet,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

The record on appeal in this case was filed on September 2, 1919. Pursuant to numerous stipulations the filing of briefs was long deferred, appellants' opening brief having been filed September 30, 1922, and the answering brief of respondents not having been filed until July 2, 1929, to which no reply brief was ever filed. The case was recently ordered submitted upon the two briefs mentioned.

This is an action to recover both actual and exemplary damages pursuant to chapter 81, Stats. 1917, which makes it unlawful for any person owning or having charge of live stock to drive or herd, or to permit the same to be herded or driven, on the lands or possessory claims of other persons, or to herd the same or to permit the same to be herded within one mile of a bona fide home or ranch house, except when herded or grazed upon the land of the person so herding or grazing, or driven along a public highway.

The trial court found that the defendants had been guilty of violating the statute in question as charged in the complaint, and rendered judgment in favor of the plaintiff for both actual and exemplary damages.

The appeal is from both the judgment and the order denying the motion for a new trial.

Three grounds are urged as reasons why a reversal should be ordered: (1) That the evidence is insufficient to justify the trial court in rendering judgment in favor of the plaintiff; (2) that the judgment is without the scope of the allegations of the complaint; and (3) that

there is no allegation in the complaint that the plaintiff was the owner of the property on which the trespass is alleged to have been committed.

We will consider first the second point urged. The complaint alleges that the plaintiff is the owner of certain real estate situated in Eureka County, Nevada, and the ranch house and home thereon; that he is the owner of a water right on Sheep creek, from which he irrigates the land described, through ditches owned by him; that the defendants are the owners of certain bands of sheep which range in Eureka County, and on certain days the defendants, without the consent of the plaintiff, unlawfully and wrongfully herded and grazed 1,000 sheep, more or less, belonging to defendants, within one mile of the bona fide home and ranch house of the plaintiff, and within 500 feet, more or less, of said home and ranch house of the plaintiff, and that the lands upon which said sheep were so herded and grazed were not owned by the defendants, or either of them, and that there was not a public highway upon said lands upon which said sheep were so herded and grazed; that in so herding said sheep the defendants destroyed one of the main ditches owned by the plaintiff, which was used to conduct the water from Sheep creek upon the lands owned by plaintiff, aforementioned; that said destruction of said ditch was wanton, unlawful, and grossly negligent on the part of the defendants.

In the opening brief filed by counsel for appellant herein the case is not discussed upon the theory that the action was instituted and prosecuted pursuant to the statute mentioned above, but upon the theory that it is an action in trespass, as appears from the following quotation in their brief: "There can be no successful contention that this is not an action in trespass. That being true, the cause must be reversed because nowhere within the pleadings, and especially nowhere within the complaint in this action, is there any allegation of possession or right of possession in the plaintiff. * * * "

The answering brief of counsel for respondent points

out that the suit was instituted pursuant to the statute mentioned; that the allegations of the complaint bring the case squarely within the statute, and that the evidence supports the allegations of the complaint and the judgment. Counsel for appellants filed no reply to this brief, which we take is a confession that the judgment and order must be affirmed. However, we have carefully examined the record. It is clear that the complaint alleges a cause of action under the statute mentioned. The evidence, even that of the defendants, supports the complaint, the findings, and judgment.

No error appearing, it is ordered that the judgment and order appealed from be affirmed.