[Civ. No. 9666.   Second Appellate District, Division One.—May 12, 1936.]

SONNY RAY, Appellant, v. THE CITIZEN–NEWS COM-
PANY (a Corporation), Respondent.

Lorrin Andrews for Appellant.

Harlan G. Palmer, C. D. Thompson and Sparling & Teel for Respondent.

SHINN, J., *pro tem.*—Appeal by plaintiff from a judgment in favor of defendant in an action for damages for alleged libel.

When the action came on for trial the court sustained an objection of the defendant to the introduction of evidence, upon the ground that the complaint did not state a cause of action, and granted defendant's motion for judgment on the pleadings, which judgment was duly entered.

The complaint alleged that defendant, publisher of a newspaper of wide circulation, maliciously published in a regular issue thereof the following allegedly false and unprivileged article, to wit: "Sonny Ray" (meaning thereby the plaintiff) "27, Australian actor, has been released on $2,000 bond, pending fuller investigation of charges that he overstayed his leave and failed to report his alleged arrest in San Francisco in 1923 on charges of contributing to the delinquency of a minor and also to report an unauthorized departure from the United States." It was alleged that by reason of said publication plaintiff had been brought into public scandal and disgrace and injured in his good name and reputation. No special damages were alleged.

The principal question is whether the article was libelous *per se*. The definition of libel which furnishes the test is found in section 45 of the Civil Code, which declares a false and unprivileged publication to be libelous which exposes a person to hatred, contempt, ridicule or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

■ We are required, as the trial court was, to regard the article as false in its entirety, as the complaint makes no admission of the truth of any statement contained therein. We are required also to place ourselves in the position of the reading public and from this viewpoint to consider the meaning and effect of the publication in its tendency to libel plaintiff. The article charges, in effect, that it was alleged that plaintiff had been arrested in San Francisco in 1923 on charges of contributing to the delinquency of a minor; that charges had been made against him to the effect that he had failed to report his alleged arrest; that he had overstayed his leave and had also failed to report an unauthorized departure from the United States.

■ We are of the opinion—in fact, we cannot conceive that it is doubtful—that a statement that one has been arrested on charges of contributing to the delinquency of a minor would at least tend to expose him to hatred and contempt and would cause him to be shunned and avoided. If it had either or any of these effects it was libelous *per se*. (*Schomberg* v. *Walker*, 132 Cal. 224 [64 Pac. 290]; *Stevens* v. *Snow*, 191 Cal. 58 [214 Pac. 968]; *Bates* v. *Campbell*, 213 Cal. 438 [2 Pac. (2d) 383]; *Maher* v. *Devlin*, 203 Cal. 270 [263 Pac. 812].) ■ The phrase ''contributing to the delinquency of a minor'' has a well understood meaning, the undoubted implication being that the person charged has been guilty of a violation of the criminal laws. By the Juvenile Court Act (Stats. 1915, p. 1225, as amended; Deering's Gen. Laws, Act 3966) it is declared to be an offense, punishable by fine or imprisonment or both, for any person by act or omission to bring or to keep any minor within the provisions of the act or to commit any act contributing thereto. Therefore, a false publication charging one with contributing to the delinquency of a minor would be a charge of the commission of a criminal act. Such a charge is libelous *per se*. (*Mellen* v. *Times-Mirror Co.*, 167 Cal. 587 [140 Pac. 277, Ann. Cas. 1915C, 766].)

■ In judging of the character of the article no distinction is to be drawn between a statement that it was alleged that the defendant had been arrested and a statement that he had been arrested upon the charge. A false statement is not less libelous because it is the repetition of rumor or gossip or of statements or allegations that others have made

concerning the matter. As said in *Waite* v. *San Fernando Pub. Co.*, 178 Cal. 303 [173 Pac. 591], ''a defamatory article which would be libelous *per se*, if its matter was directly stated, does not lose its quality in this regard because it is couched in the form of an interview with another person, or because it seeks to avoid its otherwise obvious character as a libel *per se* by the statement that it is reported or asserted or believed to be true. (*Gilman* v. *McClatchy*, 111 Cal. 606 [44 Pac. 241]; *Edwards* v. *San Jose etc. Soc.*, 99 Cal. 431 [37 Am. St. Rep. 70, 34 Pac. 128]; *Wilson* v. *Fitch*, 41 Cal. 363.)'' A few of the many authorities from other jurisdictions declaring this well-settled rule are: *Arizona Pub. Co.* v. *Harris*, 20 Ariz. 446 [181 Pac. 373]; *Lundin* v. *Post Pub. Co.*, 217 Mass. 213 [104 N. E. 480, 52 L. R. A. (N. S.) 207]; *Houston Chronicle Pub. Co.* v. *Wegner*, (Tex. Civ. App.) 182 S. W. 45; *McClintock* v. *McClure*, 171 Ky. 714 [188 S. W. 867, Ann. Cas. 1918E, 96]. See, also, Newell on Libel & Slander, 4th ed., p. 36.

The complaint alleged that the article was intended to and did convey the meaning to the readers thereof that plaintiff had been guilty of unlawful sexual relations with young girls, and the question is discussed in the briefs whether the article admits of this construction. The point is not important upon this appeal. The article is libelous *per se*, and in holding that the complaint states a cause of action we may disregard the allegations attempting to attribute the suggested meaning to the article. (*Wilson* v. *Fitch*, *supra*.) It is unnecessary to decide whether the article was libelous in any respect other than the one we have discussed.

Other points relied upon by respondent rest upon the assumption that the major portion of the statements in the article were true. It may be that they were true, but the record does not show it nor does appellant admit it. The complaint alleged that the article was false, and there was a specific allegation that plaintiff had not been arrested in San Francisco or elsewhere upon a charge of contributing to the delinquency of a minor. We are bound by these allegations as to the article in its entirety, as well as by the presumption that in all respects in which the article was defamatory it was false. (*Dixon* v. *Allen*, 69 Cal. 527 [11 Pac. 179].)

In reaching the conclusion that the allegations of the complaint which we have discussed were sufficient to state a

cause of action, we have considered only the points raised and argued in the briefs of counsel. No question was raised by the demurrer or on the motion, or in the briefs, as to the sufficiency of the allegations of the complaint to allege malice in fact.

The court erred in sustaining an objection to the introduction of evidence and in granting the motion for judgment on the pleadings.

The judgment is reversed.

Houser, P. J., and Doran, J., concurred.