Sybruth OGLETREE, Plaintiff in Error,

v.

Earl MARCUS, Herman Marcus and Carl Stephens, d/b/a Peyton-Marcus, and Earl Marcus, an individual, Defendants in Error.

No. 38977.

Supreme Court of Oklahoma.

May 2, 1961.

Cargill, Cargill & Chiaf, by John Chiaf, Oklahoma City, for plaintiff in error.

Lytle, Johnston & Soule, Oklahoma City, for defendants in error.

HALLEY, Justice.

This was a slander action by Sybruth Ogletree against the defendants. She was an employee of the defendants and claims she was slandered by the defendant, Earl Marcus. The case was tried to a jury and a verdict was rendered for the plain-

tiff for $4,727 on her first cause of action and for $10,382 on her second. Defendants filed a motion for new trial which was granted on the following grounds:

"The plaintiff herein offered into evidence, which was admitted over the objection of the defendants, the testimony of the plaintiff to the effect that the plaintiff supported her mother.

"The general rule seems to be that in a slander action the plaintiff may, as bearing on the question of damages, introduce evidence as to her family and family connections but evidence that the members of the family are dependent upon plaintiff for support is inadmissible. See 53 C.J.S. [Libel and Slander], Page 382, Par. 246(f), and 37 C.J., Page 94, Par. 525.

"It is the finding of the Court that said testimony relative to the support of plaintiff's mother, together with the balance of the record in this case, was prejudicial.

"It is furthermore the finding of the Court that under the entire record in this case, in addition to and including the matters referred to above, that the defendants herein did not receive a fair trial; that the verdict herein is permeated and affected thereby, and is in contravention of Title 12, Section 651, Subdivisions 1, 2 and 4.

"The Motion For New Trial is therefore sustained."

The only question for our determination is whether the trial court committed error in granting the motion for new trial.

■ An examination of the record discloses that error was committed in permitting the plaintiff to testify as to her mother's condition and financial support.

Plaintiff discusses the matter as to the correctness of the manner and form of the objections by the defendants to these questions. We set out that part of the examination in chief of the plaintiff, which is pertinent here:

"Q. (By Mr. Chiaf) Now, with reference to—at the time you were working there at Peyton-Marcus, when you got fired, you have a mother that is living with you? A. Yes.

"Q. Do you take care of her? A. Yes.

"Q. What is her physical condition?

"Mr. Lytle: Now, if your Honor please, we object to that— A. (Interposing) A broken hip.

"The Court: Wait just a moment.

"Mr. Lytle: We object to that as incompetent, irrelevant and immaterial and not within the issues of this case.

"The Court: Overruled.

"Q. (By Mr. Chiaf) Is she blind? A. Yes.

"Q. Now, who supported her at that time? A. I did.

"Q. Did you have any other means of support for yourself and your mother? A. No.

"Q. Now, since that time—Well, I will ask you today, how are you and your mother living, how are you supported? A. Well, we are on old age assistance and I get $60.00.

"Q. Welfare? A. Yes, welfare."

Counsel for defendants objected to this line of testimony and we consider the objection sufficient to raise the point in the motion for new trial.

The admission of this testimony was clearly prejudicial. Certainly it appealed to the sympathies of the jury. We have not previously been called upon to answer this problem but a similar one was passed upon in Cahill v. Murphy, 94 Cal. 29, 30 P. 195, wherein it was held:

"In an action for slander, evidence of the number and ages of plaintiff's children is competent, since she is entitled to damages for mental suffering, and such suffering may have been increased by the fear that her family would suffer by reason of the slander;

but evidence that the children are dependent on her for support is inadmissible."

That case was not reversed on that ground because there the verdict was not deemed to be excessive and the jury was not shown to have been influenced by the testimony. However, in the case at bar, the trial court was satisfied that the jury was influenced by the admission of the testimony as to physical condition and financial support of her mother and so are we.

■ In addition to the foregoing error we are of the opinion that conduct of counsel for plaintiff in asking so many leading questions in his direct examination of witnesses and his numerous improper questions on cross-examination, although objected to by counsel for defendants and objections thereto sustained, may well have assisted in giving the jury an improper conception as to the merits of this lawsuit and may have influenced the jury in arriving at the verdict it did.

After a study of the record in this case we think that a new trial should have been granted under 12 O.S.1951, § 651, first paragraph, which is:

"* * * The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

"First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial."

We held in Smith v. Missouri, K. & T. Ry. Co., 76 Okl. 303, 185 P. 70, that improper cross-examination which probably results in a miscarriage of justice is grounds for a new trial.

It should be kept in mind that the question of whether the trial court should sustain a motion for a new trial rests largely within the discretion of the trial judge who has observed the witnesses and the entire proceedings and is in a better position to determine the question than is this Court which has before it only the record.

In Harper et al. v. Pratt et al., 193 Okl. 86, 141 P.2d 562, it is said in the second paragraph of the syllabus as follows:

"The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court."

See also Burke Greis Co. v. Ballard et al., 200 Okl. 341, 193 P.2d 582; City of Blackwell v. Murduck, 202 Okl. 216, 212 P.2d 135; Peoples Finance & Thrift Co. v. Ferrier et al., 191 Okl. 364, 129 P.2d 1015; Hogan et al. v. Bailey, 27 Okl. 15, 110 P. 890.

■ In view of the well established rule that the trial court has a wide discretion in granting or denying a motion for a new trial, and that this Court should not overrule the decision of the trial court unless there is shown to have been an abuse of such discretion, we will not say that the granting of a new trial under the facts and circumstances before us was error.

The judgment of the trial court in granting a new trial to the defendants is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

WELCH and BERRY, JJ., concur in result.