Filed 2/23/22  Elconin v. Bui CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ANGIE ELCONIN, | D079446 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 2015-1-CV-285674) |
| THANH HA BUI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Santa Clara County, Carrie A. Zepeda, Judge.  Affirmed.

Hoyt E. Hart II; Mazur & Mazur and Janice R. Mazur for Defendant and Appellant.

Brownstein Hyatt Farber Schreck and Mitchell J. Langberg for Plaintiff and Respondent.


Thanh Ha Bui appeals a money judgment against her for defaming Angie Elconin.  Bui claims the trial court erred by excluding from evidence a document she claims was crucial to her defenses and by allowing Elconin's counsel to use slides that had not themselves been admitted in evidence to

highlight unusual typographical features of documents that had been admitted and to argue to the jury that the same person authored the documents. We reject these claims of error and affirm the judgment.

I.

BACKGROUND

Elconin filed a complaint for damages against Bui that included counts for slander, libel, and intentional infliction of emotional distress based on false and harassing statements Bui made orally to third parties or posted on Facebook. Bui allegedly stated that Elconin was a fraud and a cheater who stole jewelry, swindled investors and charities out of money, and owed a lot of money to the IRS; that Elconin was buying or bribing witnesses; that Elconin abused her son and was willing to kill him to get what she wants; and that Elconin was a hooker and a prostitute. Bui filed an answer asserting a general denial and fifteen affirmative defenses, including that the allegedly defamatory statements were true or were nonactionable opinion.

As one of her exhibits for trial, Elconin listed an article entitled "Story about the Millionaire Mother" that was published in a weekly magazine for the Vietnamese community in San Jose (the Millionaire Mother article). The article listed Thanh Minh as its author, but Elconin contended it was really Bui. The article purported to tell a true story about an unnamed barbaric and malicious mother who was so full of deceit and greed that she forced her unnamed son to witness her wrongdoings, including selling stolen items out of a garage, buying and selling houses by illegal means, cheating on taxes, immorally ripping off people's money, using a travel office in San Jose to launder money, and lying about gambling trips to Las Vegas. The article contained photographs of what appeared to be paragraphs of a declaration

2

and were described as "words of confession under oath in a court" and "honest and plain" testimony by the son about his mother.

As one of her exhibits for trial, Bui listed the declaration from which the paragraphs included in the Millionaire Mother article had been taken. The declaration was submitted by Elconin's son, Andrew Le, approximately six years earlier in a marital dissolution action involving Elconin. In the declaration, Le stated he did not want to get involved in the action, but Elconin had made so many untruthful statements that he could no longer remain silent. Le went on to state that: (1) Elconin bribed a warehouse worker to report falsely that goods were damaged and to sell her the goods at reduced cost, which Elconin then resold for cash out of her garage; (2) Elconin used a Vietnamese travel agency to bring in cash from Vietnam; (3) Elconin told Le she had twice loaned an individual cash to be laundered and was never repaid the full amount; (4) Elconin told Le not to disclose trips to Las Vegas on which she had won thousands of dollars; (5) Le witnessed several residential real estate sales by Elconin in which she told the buyers they would reduce their property taxes by paying part of the purchase price in cash; and (6) Le heard one of Elconin's real estate agents tell her the prices on several sales appeared unreasonably low.

Elconin filed a motion in limine to exclude Le's declaration on the ground it was hearsay. (Evid. Code, § 1200.) In opposition, Bui argued the declaration was not hearsay because she was not offering it to prove the truth of the statements in the declaration but rather to prove the source of some information included in the Millionaire Mother article and the lack of malice in the publication of the article. Bui also argued the article would be incomplete and confusing to the jury unless the jury could consider Le's entire declaration. The trial court granted the motion in part and ruled Le's

3

declaration was to be redacted to include only relevant statements. During trial, the court revisited the admissibility of Le's declaration in its entirety and ruled it would neither be shown to the jury nor admitted in evidence because it was more prejudicial than probative. The court ruled Bui could testify she believed the information in the declaration was true because it looked like a court document, but she could not quote the declaration for that purpose. The court further ruled that if Bui chose to quote the declaration, the court would instruct the jury on declarations and allow Elconin to introduce discovery responses from Le about the declaration. There was no court reporter present at either hearing; the rulings described above are those contained in the court's minutes. According to the parties' exhibits lists, no part of Le's declaration was admitted at trial.

As part of closing argument, Elconin's counsel presented a series of slides to the jury that showed blowups of portions of the Millionaire Mother article to highlight odd spacing around punctuation marks and to compare them to similar oddities in documents written by Bui that had been admitted at trial. The slides described the instances of odd spacing around punctuation marks as "digital fingerprints," and based on them the last slide identified the "mystery author" of the article as Bui. There was no court reporter present during closing arguments.

The jury returned a special verdict in which it found Bui told one or more third parties that Elconin sold stolen goods, ripped off people's money, laundered money, took advantage of the public by seeking charitable contributions with an ulterior purpose, should not be given money because she cheats a lot of people, and cheated two charities. The jury found those statements were not substantially true; Bui failed to use reasonable care to determine their truth or falsity; the statements harmed Elconin; and Elconin

4

proved by clear and convincing evidence that Bui acted with fraud, oppression, or malice. The jury awarded Elconin no damages for actual injury, $340,000 for assumed harm to her reputation, and $50,000 in punitive damages. The court entered judgment on the jury's verdicts and denied Bui's motion for a new trial.

## II.

## DISCUSSION

Bui raises two grounds for reversal of the judgment. She contends the trial court's exclusion of Le's declaration was a violation of her due process right to a fair trial and an abuse of discretion. Bui also contends Elconin's counsel's use of slides in closing argument to compare documents introduced at trial and then argue Bui authored the Millionaire Mother article was improper expert analysis. As we explain below, neither ground has merit.

## A.

### *Exclusion of Le's Declaration*

Bui primarily argues Le's declaration was so crucial to her defenses to defamation (truth, reasonable care, opinion, common interest privilege) that its exclusion deprived her of property without due process of law and constituted a structural error that is reversible per se. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a).) Bui alternatively argues the exclusion of Le's declaration was an abuse of discretion because the declaration was substantially more probative than prejudicial. (Evid. Code, § 352.) We reject both contentions.

### 1.

### *Structural Error*

We first consider Bui's argument that the trial court's rulings regarding Le's declaration are reversible without any showing of prejudice

5

because, as she says, they "effectively gutted the defense" and denied her a fair trial.  In civil litigation, an error is reversible per se when it constitutes a structural defect in the trial mechanism that cannot be evaluated for prejudice.  (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 (*F.P.*).)  Such an error typically occurs when the trial court deprives a party of its due process right to a fair hearing.  (*Conservatorship of Maria B.* (2013) 218 Cal.App.4th 514, 534.)  One element of a fair trial is the right to offer *admissible* evidence on a *material* issue.  (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1357 (*Elkins*).)  Thus, "when a trial court erroneously denies *all* evidence relating to a claim, or *essential* expert testimony without which a claim cannot be proven, the error is reversible per se because it deprives the party offering the evidence of a fair hearing and of the opportunity to show actual prejudice."  (*Gordon v. Nissan Motor Co., Ltd.* (2009) 170 Cal.App.4th 1103, 1114 (*Gordon*); see *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 668, 677 [erroneous ruling that "effectively excluded any presentation of evidence on liability" was reversible per se].)  "But '[c]ategorization of an error as structural represents "the exception and not the rule." ' [Citation.] '[A] strong presumption' exists *against* finding that an error falls within the structural category, and 'it will be the rare case' where an error—even 'a constitutional violation'—'will not be subject to harmless error analysis.' [Citation.]"  (*F.P.*, at p. 1108.)  This is not one of those rare cases, because the trial court did not preclude Bui from presenting admissible evidence on material issues.

Le's declaration was not admissible at trial to support Bui's truth defense.  Although "truth is a complete defense to a defamation claim" (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 293), Le's declaration was not admissible to prove the truth of the wrongdoing reported in the Millionaire

6

Mother article because statements in a declaration filed in an unrelated case are hearsay (Evid. Code, § 1200; *North Beverly Park Homeowners Assn. v. Bisno* (2007) 147 Cal.App.4th 762, 778-779). Bui acknowledged Le's declaration was inadmissible to establish the truth of its contents when, in opposing Elconin's motion in limine to exclude the declaration, she asserted she was not seeking to admit it for that purpose. She cannot now change her theory and argue the opposite. (*Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 73; *Beyer v. Tahoe Sands Resort* (2005) 129 Cal.App.4th 1458, 1471.)

Nor was Le's declaration admissible for the more limited truth defense Bui urges on appeal, namely, that her assertions to a third party that a son had given sworn testimony in court that his mother committed many bad acts, as told in the Millionaire Mother article, and that Elconin was the Millionaire Mother, were both true. The truth of those assertions would have afforded no defense to Elconin's defamation counts. "A false statement is not less libelous because it is the repetition of rumor or gossip or of statements or allegations that others have made concerning the matter." (*Ray v. Citizen-News Co.* (1936) 14 Cal.App.2d 6, 8-9.) The repetition of a slanderous charge is actionable as a republication even though the repeater identifies the source or states the charge is merely a rumor. (*Ringler Associates Inc. v. Maryland Casualty Co.* (2000) 80 Cal.App.4th 1165, 1180 (*Ringler*).) " 'Proof that the first person actually made the statement is therefore immaterial; to constitute a defense the *defamatory charge itself* must be shown to be true.' " (*Arditto v. Putnam* (1963) 214 Cal.App.2d 633, 639, fn. 2.) In words that fit this case, our Supreme Court explained more than a century ago: "If A says B is a thief, and C publishes the statement that A said B was a thief, in a certain sense this would be the truth, but not in the sense that the law

7

means.  It would constitute no defense to C, for it would be but a repetition by him of a slanderous charge.  His defense must consist in showing that in fact B is a thief." (*Gilman v. McClatchy* (1896) 111 Cal. 606, 612; accord, *Jackson v. Paramount Pictures Corp.* (1998) 68 Cal.App.4th 10, 26-27.)  As explained above, Le's declaration was inadmissible to show Elconin was a thief.

Le's declaration also was not admissible to support the common interest privilege (Civ. Code, § 47, subd. (c)), which is an affirmative defense to a defamation claim (*Beroiz v. Wahl* (2000) 84 Cal.App.4th 485, 492).  As Elconin points out and as Bui implicitly concedes by dropping the contention in her reply brief, Bui forfeited the common interest privilege by not asserting it in her answer.  (Code Civ. Proc., § 430.80, subd. (a); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1314; *Hughes v. Nashua Mfg. Co.* (1968) 257 Cal.App.2d 778, 783.)  The privilege therefore was not a material issue in the case on which Bui was entitled to offer evidence.  (Evid. Code, §§ 210 [evidence is relevant if it has any tendency in reason to prove or disprove disputed fact of consequence to determination of case], 350 [only relevant evidence is admissible]; *Elkins*, *supra*, 41 Cal.4th at p. 1357.)

Bui could not use Le's declaration to support her "defense" that her identification of Elconin as the Millionaire Mother to a third party was merely an opinion, not an assertion of fact.[1]  Statements of opinion rather than fact cannot give rise to liability for defamation.  (*Campanelli v. Regents*

---

[1]     The contention that an allegedly defamatory statement is an opinion rather than an assertion of fact is technically not a defense to a defamation claim.  A defense states new matter that was not put in issue by the plaintiff. (Code Civ. Proc., § 431.30, subd. (b)(2).)  A defendant's contention that a statement is an opinion is really a denial of a material allegation by the plaintiff, because "[i]t is an essential element of defamation that the publication be of a false statement of *fact* rather than opinion." (*Ringler*, *supra*, 80 Cal.App.4th at p. 1181.)

*of University of California* (1996) 44 Cal.App.4th 572, 578.) We question whether Bui's identification of Elconin as the Millionaire Mother to a third party who allegedly "pestered" Bui to reveal the identity was an opinion rather than a statement of fact. Considering "the nature and full content of the communication and . . . the knowledge and understanding of the audience to whom the publication was directed" (*Baker v. Los Angeles Herald Examiner* (1986) 42 Cal.3d 254, 261), we think it more probable that the third party would have understood Bui's identification as a factual assertion that Elconin was the Millionaire Mother. Even if the identification were a mere opinion, however, "there is no wholesale defamation exemption for anything that might be labeled an opinion. If a statement of opinion implies a knowledge of *facts* which may lead to a defamatory conclusion, the implied facts must themselves be true." (*Ringler*, *supra*, 80 Cal.App.4th at p. 1181.) In the context of responding to an inquiry about the identity of the Millionaire Mother, Bui's assertion that it was Elconin implied knowledge of facts reported in the Millionaire Mother article that were defamatory, including Elconin's commission of crimes. (Civ. Code, §§ 45 [defining libel], 46 [defining slander]; *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 278 [accusation of crime is defamatory].) But again, Le's declaration was hearsay and therefore inadmissible to prove the truth of the facts reported in the article.

Finally, the trial court did not preclude Bui from using Le's declaration to support her "defense" that she used reasonable care in concluding and telling a third party Elconin was the Millionaire Mother. "A private-figure plaintiff must prove at least negligence to recover any damages" for defamation. (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 747.) This requires proof the defendant did not act "with reasonable care in

9

checking on the truth or falsity of the information before publishing it." (*Carney v. Santa Cruz Women Against Rape* (1990) 221 Cal.App.3d 1009, 1016.)[2] The trial court was willing to let Bui use Le's declaration for that purpose. During trial, the court ruled that although the entire declaration would not be admitted, Bui could testify she believed the information in the declaration was true because the declaration was filed in court; and if she quoted the declaration, the court would instruct the jury on declarations and the door would be open to evidence of what Le said about his declaration in discovery. Bui, apparently for tactical reasons, chose not to use Le's declaration.

In sum, Bui has not overcome the " 'strong presumption' " that by limiting the use of Le's declaration, the trial court did not violate her due process right to a fair trial and thereby commit a structural error that is reversible per se. (*F.P.*, *supra*, 3 Cal.5th at p. 1108; see *Gordon*, *supra*, 170 Cal.App.4th at pp. 1114-1115 [structural error occurs when court erroneously excludes all evidence on claim or essential evidence without which claim cannot be proven, not when court excludes some evidence relating to claim].) To the contrary, the minimal record Bui has provided shows she cross-examined Elconin's witnesses at trial, called her own witnesses, admitted several documents in evidence, and presented argument to the jury. Under these circumstances, "there has been no 'structural [defect] in the constitution of the trial mechanism' that might call for automatic reversal of [the] judgment without consideration of actual prejudice." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 579.)

---

2  Reasonable care, like opinion, is therefore not a defense to a defamation claim, because a defendant's assertion that she used reasonable care to determine the truth or falsity of the alleged defamatory statement seeks to negate an essential element of the plaintiff's claim. (See fn. 1, *ante*.)

## 2.

### *Abuse of Discretion*

We next address Bui's alternative contention that we must reverse the judgment on the ground the trial court abused its discretion when it ruled Le's entire declaration would not be shown to the jury or admitted in evidence because it was more prejudicial than probative. To prevail on this claim, Bui must persuade us the ruling was erroneous and "resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13; Evid. Code, § 354.) She has not done so.

A court may exclude evidence when "its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) The trial court has " 'broad authority' " in balancing these factors, and its decision will not be reversed unless it " 'was beyond the bounds of reason and resulted in a manifest miscarriage of justice.' " (*McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 295-296 (*McCoy*).) On an appeal challenging a ruling under Evidence Code section 352, the appellant has the burden to establish prejudicial error. (*Santillan v. Roman Catholic Bishop of Fresno* (2012) 202 Cal.App.4th 708, 727.)

Bui has not shown the trial court erred by refusing to admit Le's entire declaration. As discussed in connection with her claim of structural error, Le's declaration was not admissible for three of the defenses Bui asserts on appeal (truth, common interest privilege, and opinion), and the court ruled she could use it for the fourth (reasonable care), but she chose not to. The

11

court did not exceed the bounds of reason by so limiting the use of Le's declaration. (*McCoy*, *supra*, 216 Cal.App.4th at p. 296.)

Even if we assume the ruling was erroneous, Bui has not shown the trial court's ruling caused prejudice. A " 'miscarriage of justice' should be declared only when the court, '*after an examination of the entire cause, including the evidence,*' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836, italics added; accord, *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 334-335.) Because Bui has not provided us with a settled statement or a reporter's transcript of the trial (except the punitive damages phase) or most of the exhibits introduced at trial, we cannot determine the effect that the limitations on the use of Le's declaration likely had on the trial outcome. Perhaps the testimony and evidence presented at trial so strongly supported Elconin's defamation counts that the jury would have returned the same verdicts even had Le's declaration been admitted. Or perhaps, as Bui asserts, the declaration would have bolstered her credibility and led the jury to find that she had used reasonable care to determine the truth or falsity of at least some of the defamatory statements. We can never know because the record is inadequate for us to assess the probable effect of the admission of Le's declaration on the outcome. "By appealing, [Bui] assumed 'the burden of showing reversible error by an adequate record.' " (*Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1433.) Her failure to sustain that burden requires us to resolve the prejudice issue against her. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

B.

*Use of Slides in Closing Argument*

We finally turn to Bui's contention the judgment must be reversed because Elconin's counsel improperly used slides during closing argument to highlight similar unusual typographical features in the Millionaire Mother article and documents authored by Bui that were admitted at trial. Bui complains it was highly prejudicial for counsel to argue to the jury that the features were "digital fingerprints" that proved she authored the article, because the document comparison did not concern a matter of common knowledge and required expert analysis that was not presented at trial. This " 'digital fingerprint' evidence was improper," she says, "and the court erred in admitting it." We are not persuaded.

This contention is based in part on the factual premise that the slides were a "demonstrative exhibit" and were admitted in evidence. The record contradicts this premise. The court's minutes do not identify any exhibit being offered or admitted in evidence during closing argument. The list of exhibits offered by Elconin does not include the slides. At the hearing on Bui's new trial motion, which was reported, Bui's counsel told the court the slides were not introduced into evidence, but the documents referenced in the slides were. The court confirmed the referenced documents had been given to the jury, but the slides themselves had not. The trial court thus did not commit the evidentiary error Bui claims.

Bui has forfeited any challenge to the substance of Elconin's counsel's closing argument, including his use of slides comparing documents to argue that Bui wrote the Millionaire Mother article. To preserve a claim of attorney misconduct in closing argument, a party must make a timely and proper objection and move for a mistrial or seek a curative admonition.

13

(*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 794; *Regalado v. Callaghan* (2016) 3 Cal.App.5th 582, 598-599; *Neumann v. Bishop* (1976) 59 Cal.App.3d 451, 468.)  Because there was no court reporter present during closing argument, there is no transcript showing an objection by Bui to the argument of Elconin's counsel, a motion for mistrial, or a request for an admonition to the jury.  Nor did Bui provide us with a settled statement that might have addressed these matters.  In her reply brief, Bui relies on a declaration her counsel submitted in support of the motion for new trial in which counsel stated the slides that Elconin's counsel used during closing argument were "admitted by the Court over Bui's objections."  This is insufficient to avoid the forfeiture.  As discussed above, the record contradicts the claim that the slides were admitted in evidence; and Bui's counsel did not state in the declaration the specific objections he made or that he moved for a mistrial or requested a curative admonition.  Moreover, we agree with Elconin that Bui's counsel's "declaration is not a substitute for the reporter's transcript, or . . . for [a] settled statement on appeal, nor can it be relied upon to establish what was said by anyone in the course of the trial."  (*Ward v. Litowsky* (1970) 5 Cal.App.3d 437, 439-440.)  Lastly, if Bui "wished us to consider whether the alleged remarks [of Elconin's counsel during closing argument] prejudicially affected the jury's verdict, she should have presented us with a record which included them."  (*Id.* at p. 440.)  Her failure to do so requires us to resolve the claim of error against her.  (*Jameson, supra,* 5 Cal.5th at p. 609; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72.)

## III.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


AARON, J.